HELLMICH, Collector of Internal Revenue, v. HELLMAN.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1927.)

No. 7298.

1. **Internal revenue ⬅7(6)—Gain realized in liquidation of corporation, which is distribution of earnings or profits, constitutes "dividend," within meaning of provisions exempting it from normal tax (Revenue Act of 1918, §§ 201 [a], [c], 210, 213, 216 [Comp. St. §§ 6336⅛b, 6336⅛e, 6336⅛ff, 6336⅛h]).**

Gain realized in liquidation of corporation, which is in fact a distribution of earnings or profits accumulated since February 28, 1913,

constitutes "dividend," within Revenue Act 1918, § 201 (a), being Comp. St. § 6336⅛b, and exempt under section 216 (Comp. St. § 6336⅛h) from normal tax imposed by sections 210 and 213 (Comp. St. §§ 6336⅛e, 6336⅛ff), since section 201 (c) requiring payment of tax on amount distributed in liquidation, when construed with subdivision (a), defining dividends, does not constitute an exception to or qualification thereof, but is supplemental thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dividend.]

2. **Statutes ⬅219—Treasury Department regulations, construing laws relating to taxation, are not conclusive.**

Regulations of Treasury Department, construing laws of Congress relating to taxation, are instructive, helpful, and influential, but are not conclusive on the courts.

3. **Statutes ⬅205—Subdivisions of section of statute should be construed together, if possible.**

Subdivisions of section of statute should be construed together, if possible, and one should not be permitted to defeat the other.

4. **Internal revenue ⬅7(6)—"Dividend" is gain or profit.**

A "dividend" is a gain or profit.

5. **Internal revenue ⬅28(2)—Petition in suit to recover additional income tax, alleging surplus at liquidation was accumulated earnings and profits, held to sufficiently describe nature of surplus (Revenue Act 1918, §§ 201 [a], 216 [Comp. St. §§ 6336⅛b, 6336⅛h]).**

Petition in suit to recover additional income taxes, alleged to have been erroneously assessed and collected, alleging that surplus of corporation at time of liquidation consisted of earnings and profits accumulated since February 28, 1913, held to sufficiently describe nature of surplus for purpose of determining whether it was a dividend, within meaning of Revenue Act 1918, § 201 (a), being Comp. St. § 6336⅛b, and exempt from normal tax under section 216 (Comp. St. § 6336⅛h).

6. **Statutes ⬅245—Doubts in taxation statutes are resolved in favor of taxpayer, and laws imposing taxes strictly construed.**

Doubts in taxation statutes are resolved in favor of taxpayer, and laws imposing taxes are to be strictly construed, and not extended beyond clear import of language used as taxing powers have duty of making clear what is to be taxed and how.

7. **Statutes ⬅245—Purpose of Congress to impose double taxation must be clear.**

There may be double taxation, but purpose of Congress so to tax must be clear.

8. **Statutes ⬅245—Courts will, if possible, avoid interpreting tax statute to result in injustice.**

Courts will avoid, if possible, an interpretation of a tax statute which results in injustice.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by Isadore N. Hellman against Arnold J. Hellmich, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo., and A. W. Gregg, General Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for plaintiff in error.

Henry H. Furth, of St. Louis, Mo., for defendant in error.

Before KENYON, Circuit Judge, and MOLYNEAUX and OTIS, District Judges.

KENYON, Circuit Judge. Defendant in error was plaintiff in the trial court and will for convenience so be designated here. Likewise plaintiff in error will be designated as defendant.

Plaintiff brought suit to recover certain additional income taxes alleged to have been erroneously assessed and collected from him for the calendar year 1919. Defendant demurred to the petition. The trial court overruled the demurrer. Defendant electing to proceed no further, judgment was entered for plaintiff. The statements of the petition, taken as true for the purposes of the demurrer, establish that plaintiff on December 31, 1919, was the owner of one-half of the capital stock of Hellman & Sons Fur & Wool Company, a corporation of the city of St. Louis, Mo. This corporation on that date entered into voluntary liquidation. The surplus and profits were distributed between the plaintiff and one other, they being all the stockholders of the corporation. The corporation had a capital stock of $27,600, and a net surplus on December 31, 1919, of $46,-466.27, of which $31,545.58 was earnings and profits accumulated by the corporation since February 28, 1913. Plaintiff realized a gain of $15,004.55, which he indicated in his return of income for the year 1919, but excluded from income subject to normal tax. He paid the surtax. The distribution, so far as pertains to the capital stock, is not disclosed by the record. The Commissioner of Internal Revenue held that plaintiff was subject to a normal tax upon the amount of $15,004.55, which plaintiff paid; and in this action sought to recover back the same. The District Court entered judgment therefor.

[1] The issue is whether that part of the gain realized in the liquidation of the corporation, which is in fact a distribution of earnings or profits accumulated since February 28, 1913, is a dividend, and therefore under the Revenue Act of 1918 not subject to the normal tax. The Revenue Act of 1918 (40 Stat. c. 18, tit. 2, p. 1059) contains the following provisions applicable to this transaction:

"Sec. 201. (a) That the term 'dividend' when used in this title (except in paragraph (10) of subdivision (a) of section 234) means (1) any distribution made by a corporation, other than a personal service corporation, to its shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913, or (2) any such distribution made by a personal service corporation out of its earnings or profits accumulated since February 28, 1913, and prior to January 1, 1918.

* * *

"(c) A dividend paid in stock of the corporation shall be considered income to the amount of the earnings or profits distributed. Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits."

Comp. St. § 6336⅛b.

"Sec. 210. That, in lieu of the taxes imposed by subdivision (a) of section 1 of the Revenue Act of 1916 and by section 1 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax at the following rates:

"(a) For the calendar year 1918, 12 per centum of the amount of the net income in excess of the credits provided in section 216."

Comp. St. § 6336⅛e.

"Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term 'gross income'—

"(a) Includes gains, profits and income derived * * * from * * * dividends * * *. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period."

Comp. St. § 6336⅛ff.

"Sec. 216. That for the purpose of the normal tax only there shall be allowed the following credits:

"(a) The amount received as dividends from a corporation which is taxable under this title upon its net income, and amounts received as dividends from a personal service corporation out of earnings or profits upon which income tax has been imposed by act of Congress."

Comp. St. § 6336⅛h.

It is conceded that a dividend from a going corporation paid out of current earnings is not subject to the normal income tax. Section 216 of the act so provides. But it is contended by defendant that there is a difference between dividends as defined in section 201 (a) and distributions in complete liquidation of the corporation under section 201 (c). Subdivision (a) uses the term "any distribution" which covers "every distribution." There could be no question that the distribution made by this corporation to plaintiff would be squarely within its definition of a dividend, unless subdivision (c) limits or changes the same. Section 201 (a) provides that the term "dividend" shall have the meaning therein given "when used in this title (except in paragraph (10) of subdivision (a) of section 234)." This section does not pertain to any question involved here. It is apparent that section 201 (a) intends to provide a definition for the term "dividend" as used throughout the title, with the one exception referred to. The term "dividend" as used in section 216 (a) with reference to normal tax therefore has the meaning given to it in section 201 (a) which makes a distribution by a corporation to shareholders out of its earnings or profits accumulated since February 28, 1913, a dividend.

Is this changed by subdivision (c) of section 201?

Defendant contends that construing subdivision (a) and subdivision (c) of section 201 together it is manifest that subdivision (c) is in the nature of a limitation upon, or exception to, subdivision (a), and takes out of the realm of dividends gains or profits realized in liquidation of a corporation even if the distribution be of earnings or profits accumulated since February 28, 1913; that the situation is exactly the same as if plaintiff had sold his stock to another person and realized profit thereby; that the transaction is an exchange of the assets of the corporation for the outstanding stock, and that the gain or profit realized thereby is to be taxed to the distributee as other gains or profits, and that other gains or profits are subject to the normal tax.

18 F.(2d)—16

In this connection we set out Regulation 45, article 1548, of the Treasury Department referring to this subject as follows:

"*Distribution in Liquidation.* So-called liquidation or dissolution dividends are not dividends within the meaning of the statute, and amounts so distributed, whether or not including any surplus earned since February 28, 1913, are to be regarded as payment for the stock of the dissolved corporation. Any excess so received over the cost of his stock to the stockholder constitutes income to such stockholder. However, if such stock was acquired prior to March 1, 1913, and the fair market value as of such date was greater than the cost, but less than the amount so distributed, the taxable income is the excess over such fair market value of the amount received, but no gain is recognized if the amount received, although more than cost, is less than the fair market value of the stock of March 1, 1913. A distribution in liquidation of the assets and business of a corporation, which is a return to the stockholder of the value of his stock upon a surrender of his interest in the corporation, is distinguishable from a dividend paid by a going corporation out of current earnings or accumulated surplus when declared by the directors in their discretion, which is in the nature of a recurrent return upon the stock."

[2] Of course this regulation sustains defendant's position. Congress has bestowed upon the Treasury Department the right to make needful rules and regulations for the enforcement of the provisions of the Revenue Act, and such regulations construing the laws of Congress relating to taxation are instructive, helpful, influential. This regulation is based on the Treasury Department's construction of the statute in question. We are not, of course, concluded thereby. Hemmer et al. v. United States (C. C. A.) 204 F. 898.

Since the decision of this case by the trial court the United States District Court for the Western District of Kentucky in Langstaff v. Lucas, 9 F.(2d) 691, 694, has held along the line of the position urged by defendant in this case. That case was affirmed by the Circuit Court of Appeals of the Sixth Circuit (13 F.(2d) 1022) in a very short opinion, in which the court said that it affirmed the judgment upon the reasoning and conclusions of the District Judge. The District Court in that case under facts somewhat similar to those here held that the distribution to Langstaff was not a "dividend as generally understood, and as defined

in section 201, subsection (a), and as used in section 216." The court says: "Loosely speaking, the distribution to the stockholders of a corporation's assets, upon liquidation, might be termed a dividend; but this is not what is generally meant and understood by that word. As generally understood and used, a dividend is a return upon the stock of its stockholders, paid to them by a going corporation without reducing their stockholdings, leaving them in a position to enjoy future returns upon the same stock." It is apparent that the court based its definition of the term "dividend" upon Lynch v. Hornby, 247 U. S. 339, 38 S. Ct. 543, 62 L. Ed. 1149. And in this connection reference may also be made to Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087, which is a companion case to Lynch v. Hornby.

Article 1548 of regulation 45 of the Treasury Department, supra, is also evidently based upon the holdings of these two cases. In Lynch v. Hornby, supra, the court did draw a distinction between a distribution received as a single and final dividend in liquidation of the entire assets and business of a company, and one where the payments of dividends were made by a going concern. Both of these cases relate to the Act of October 3, 1913 (38 Stat. 114), which contains no definition of the term "dividend," and as pointed out in the note in Holmes, Federal Taxes (1923 Ed.) and also (1925 Ed.) pages 625 and 830, respectively, the question in both cases was whether earnings and profits accumulated prior to March 1, 1913, should be considered as dividends. There was no discussion at all of earnings or profits accumulated subsequent to March 1, 1913; no determination as to whether they should be considered as dividends. These cases are not authority for the proposition that a distribution, in the liquidation of a corporation, of assets accumulated subsequent to February 28, 1913, cannot be considered as a dividend under the Revenue Act of 1918. Congress had the right to provide what the term "dividend" as used in the act should cover, and make it different from the usual understanding of the term, and that is what Congress did in section 201 (a).

[3] If subdivisions (a) and (c) of section 201 can be construed together it should, of course, be done. One should not be permitted to defeat the other. United States v. Ninety-Nine Diamonds (C. C. A.) 139 F. 961, 2 L. R. A. (N. S.) 185. Does the construction of the act urged by plaintiff bring these two provisions into conflict?

The trial court pointed out in its opinion one field in which subdivision (c) could operate without conflict with subdivision (a), saying: "Gains might well accrue from the fact that the capital stock when acquired, at or before February 28, 1913, might be worth less than par, and before liquidation such stock might have advanced to par, or more, in which case a gain or profit would accrue to the stockholder, which should be taxed as income and not as a dividend, and which therefore, should bear not only a surtax in a proper case, but a normal tax also." Counsel for defendant in argument point out that the Hellman & Sons Fur and Wool Company had, when liquidated, a surplus of $46,466.27, of which $23,233.13 was distributed to plaintiff. Of this $15,772.79 represented his share of the earnings accumulated since February 28, 1913. If his stock had cost him par his entire gain would have been $23,233.13, of which $15,772.79 would be attributable to the distribution of earnings accumulated since February 28, 1913, and $7,460.34 would have been profit in the liquidation within the meaning of section 201 (c). A situation would there be presented where the profit on the shares would be subject to both normal and surtax, while on the part distributed of earnings accumulated since February, 1913, only the surtax would apply, and counsel for defendant claim that in this manner gains realized in liquidation of corporations would be taxed as other gains or profits. This illustration points out how the two subdivisions can be construed without fatal conflict.

[4] A dividend is a gain or profit. Therefore the further language of subdivision (c) "any gain or profit realized thereby shall be taxed to the distributee as other gains or profits" includes dividends. We are satisfied that subdivision (c) of section 201 is not an exception to or qualification of section 201 (a), but is supplemental thereto. Lynch v. Hornby and Lynch v. Turrish, supra, are not authority against this view. Langstaff v. Lucas, supra, and the appeal of John E. Greenwood, a decision of the United States Board of Tax Appeals, are; but we are unable to agree with these decisions.

[5] Defendant claims in his argument that the petition does not specify whether the $31,545.58 surplus of the corporation was "earned surplus," "paid in surplus," or "appreciated value of capital assets." The petition states as to said surplus that it "consisted of earnings and profits accumulated by said corporation since February 28, 1913." We think this sufficiently describes the nature of the surplus. Plaintiff does

assert that the surplus is a "gain realized in a liquidation." The important question however is what the surplus in fact is and not what it may be designated in the pleadings.

The question involved in this case is not easy of solution. It may fairly be considered a close one, and not free from doubt. Plausible argument can be presented for the position taken by either side to the controversy as to the construction of subdivisions (a) and (c) of section 201. That leads us to suggest that some elementary and fundamental rules of statutory interpretation ought to be applied, and if so, are controlling in a decision of this case.

[6] It is both the English and the American rule that doubts in taxation statutes are resolved in favor of the taxpayer, and that laws imposing taxes are to be strictly construed and not extended beyond the clear import of the language used. It is the duty of taxing powers to make clear what is to be taxed and how. In Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211, the court said: "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen." Haiku Sugar Co. et al. v. Johnstone (C. C. A.) 249 F. 103; Edwards v. Wabash Ry. Co. (C. C. A.) 264 F. 610; Hartranft v. Wiegmann, 121 U. S. 609, 7 S. Ct. 1240, 30 L. Ed. 1012; Eidman v. Martinez, 184 U. S. 578, 22 S. Ct. 515, 46 L. Ed. 697; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; 2 Sutherland on Statutory Construction, vol. 2, p. 999.

[7] There may be double taxation, but the purpose of the Congress so to tax must be clear. As said in Tennessee v. Whitworth, 117 U. S. 129, 137, 6 S. Ct. 645, 647, 29 L. Ed. 830: "Double taxation is, however, never to be presumed. Justice requires that the burdens of government shall as far as is practicable be laid equally on all, and, if property is taxed once in one way, it would ordinarily be wrong to tax it again in another way, when the burden of both taxes falls on the same person. Sometimes tax laws have that effect; but if they do, it is because the Legislature has unmistakably so enacted. All presumptions are against such an imposition."

[8] Courts will avoid, if possible, an interpretation of the statute which results in injustice. 25 R. C. L. p. 1022; Lionberger v. Rowse, 76 U. S. 468, 19 L. Ed. 721; United States v. Oregon & C. R. R., 164 U. S. 526, 17 S. Ct. 165, 41 L. Ed. 541; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969. Under the contention of defendant here, if distribution of the surplus accumulated since February 28, 1913, had been made in the form of a dividend declared by the corporation the day before it was intended to liquidate and dissolve the same, it would have been a dividend, and not subject to the normal tax; if distributed the next day in a final liquidation of the corporation, it would be subject to the normal tax. The manner of distribution, if this position is correct, determines taxability, and not the character of the income. The statute should be clear to warrant such a conclusion which results in a double income tax, as these earnings of the corporation have already been fully taxed.

Section 201 (c) does not say that the normal tax shall be assessed on distributions of earnings accumulated since February 28, 1913, made by corporations in liquidation. It does not say that earnings so made shall not be considered dividends under section 201 (a). If Congress had intended that the definition of the term "dividend" in section 201 (a) should not include distribution by corporations in liquidation of earnings or profits accumulated since February 28, 1913, it would have been very easy to have said so. Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454. That this section is not clear is shown by changes therein in the subsequent acts of Congress. The Revenue Act of 1921 omits the provisions as to distribution in liquidation in the 1918 act, and under its provisions the present question could not arise.

We do not think this indicates an intention of Congress to change an established theory but that it was the intention to end the injustice which the regulation of the Treasury Department brought about. We quote on this from Holmes, Federal Taxes (1923 Ed.) p. 630: "Congress has now definitely provided against the unfair and unwarranted practice of the treasury department under the 1918 law of subjecting such earnings or profits to both the normal tax and the surtax in case of the mere accident of their distribution in the liquidation of a corporation. Where a corporation distributes all of its property in complete liquidation or dissolution, the gain realized by the stockholder from the transaction is taxable as a dividend to the extent that it is paid out

of the earnings or profits of the corporation accumulated since February 28, 1913. If the amount received by the stockohlder in liquidation is less than the cost or other basis of the stock, a deductible loss is sustained."

While it is our opinion that the term "dividend" as used in section 201 (a) of the act of 1918, covers a distribution of a corporation to its stockholders out of earnings or profits accumulated since February 28, 1913, even if the distribution is not made until the liquidation of the corporation, and such distribution is not subject to the normal tax, if the question is to be considered as one not free of doubt, which seems to us the most that defendant can claim, then as we have before stated, that doubt should be resolved in favor of the taxpayer. A conclusion of the court along the lines urged by defendant would result in imposing taxes on plaintiff by a doubtful construction of a taxing statute which would extend its provisions beyond the import of the language used, and result in double taxation.

We are not warranted in such conclusion, and while regretting to differ with the Circuit Court of Appeals of the Sixth Circuit, a decision of the Board of Tax Appeals, and the Regulation of the Treasury Department, we are satisfied the holding of the trial court was correct and the judgment is affirmed.