QUEEN INSURANCE COMPANY OF AMERICA, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92996.   Promulgated August 18, 1939.

*John S. Breckinridge, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,656.36 in the income tax of the petitioner for 1934. He allowed a deduction of $5,398.68 for "Canadian premium taxes" and a credit of $1,519.11 under section 131 (a) (1) of the Revenue Act of 1934 for Canadian income taxes. The petitioner claims that the entire amount paid as taxes to the Dominion of Canada, $6,924.05, should be allowed as a credit. The parties have filed a stipulation settling a number of other issues and stating the facts relating to the single issue left for decision. The stipulation of facts is adopted as the findings of fact.

The petitioner is a domestic stock insurance company transacting a fire and marine insurance business in the United States and Canada. It incurred and paid tax liabilities in Canada for 1934 under part III of the Special War Revenue Act of 1915, as amended, and the Income War Tax Act of 1917, as amended. The actual amount paid under the former was $5,404.94, representing 1 percent of the net premiums received in 1934 on insurance in Canada. The actual amount paid under the Income War Tax Act was $1,519.11. That law imposed a tax of 13½ percent upon the net income of the petitioner in Canada. Its net income, computed in accordance with the act, was $51,289.23, and the tax at 13½ percent was $6,924.05. But the Income War Tax Act further provided in section 7 that:

A taxpayer shall be entitled to deduct from the tax that otherwise would be payable by him under this Act, the amount paid for corresponding periods under the provisions of Parts II and III of the Special War Revenue Act.

Since the petitioner had paid $5,404.94 for the corresponding period (1934) under the provisions of part III of the Special War Revenue Act, that amount was deducted from the tax liability under the Income War Tax Act and only the excess of the liability over the amount already paid was required to discharge the full tax liability of the petitioner.

The Revenue Act of 1934 provides, in section 131 (a) (1), that "the tax imposed by this section shall be credited with:

CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States.

The respondent concedes that the Income War Tax Act of Canada imposes an income tax and the payment of $1,519.11 was a payment of an income tax within the meaning of section 131 (a) (1). He has allowed that amount as a credit. The point which he attempts to make is that the payment of $5,404.94 was not an income tax payment, but an excise tax payment under the Special War Revenue Act, and, therefore, not a proper credit under section 131 (a) (1). His counsel has obviously spent a great deal of time and thought in preparing a lengthy brief on the point that the Canadian tax on insurance premiums under the Special War Revenue Act is an excise tax rather than an income tax. The petitioner says that this argument is beside the point, since the petitioner concedes that it would not be entitled to any additional credit if the payment of $5,404.94 had "merely satisfied and discharged its premium tax liability." The contention of the petitioner is that the payment of $5,404.94 constituted a payment of income tax by reason of the provision of section 7 of the Income War Tax Act. The respondent has not met this argument.

Although the Commissioner has heretofore conceded that the Canadian tax on insurance premiums is an income tax, *United States Fidelity & Guaranty Co.*, 5 B. T. A. 23, nevertheless, we shall assume for the purpose of this discussion that the premium tax, standing alone, is an excise tax. The payments in question were made, in the first place, to discharge liability for that tax. But they also served another purpose, since they served to discharge the liability of the petitioner for Canadian income tax. Under such circumstances, did they represent merely a payment of premium taxes, or did they represent also a payment of income taxes within the meaning of section 131 (a) (1) ? "The primary design of the provision was to mitigate the evil of double taxation" and a further purpose in the case of domestic corporations was "to facilitate their foreign enterprises." *Burnet* v. *Chicago Portrait Co.*, 285 U. S. 17. Any such provision should be interpreted "so as to achieve, and not defeat, its aim." *Idem.*

Section 131 (a) (1) does not require that the payments shall be made direct and in cash before they can be credited. The entire provision of section 7 of the Canadian Act and its effect must be considered and not merely the words "deduct from the tax." The income tax liability of the petitioner in Canada for 1934 was

$6,924.05, and it paid that exact amount of tax. It would have paid the same amount had there been no Special War Revenue Act or had the petitioner been a life insurance or a noninsurance company not subject to any tax on premiums. The obvious effect of the two acts, if not the purpose, was to tax insurance companies either upon premiums or income, whichever would result in the greater tax, but to require no duplication in payment of the two taxes. In other words, any amount paid would discharge a like amount of liability under both acts to the extent of such liability. Words need not be stretched to say that in fact this petitioner paid and discharged an income tax liability to Canada in the amount of $6,924.05, within the meaning of section 131 (a) (1). The method provided by the Canadian laws resulted in "the substantial equivalent of payment of the tax" of 13½ percent on income. Cf. *Biddle* v. *Commissioner*, 302 U. S. 573. Such an interpretation carries out the intent of Congress and leads to no unintended benefits. The result of the interpretation urged by the respondent would be that a life insurance company or a noninsurance company with income exactly equal to that of the petitioner would pay exactly the same amount of tax to Canada (all under the Income War Tax Act) but its income tax in this country would be credited with $6,924.05, whereas the tax of this petitioner in this country would be credited with only $1,519.11. Congress could have had no reason or desire for such partiality and the provision should not be interpreted to bring about that result unless no other reasonable interpretation of the words is possible. Fortunately, they permit the more reasonable interpretation which we have adopted. No contention is made that the limitation of section 131 (b) has any effect in this particular case.

*Decision will be entered under Rule 50.*