# EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* COMMONWEALTH OF PENNSYLVANIA.

### ERROR TO THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, STATE OF PENNSYLVANIA.

No. 263.   Argued May 5, 6, 1915.—Decided June 14, 1915.

A State may tax life insurance companies upon business done within the State and measure the tax upon the premiums on policies of residents of the State; and, in estimating the amount of premiums, those paid by residents to foreign insurance companies outside of the State may be included without depriving such companies of their property without due process of law.

Taxation has to be determined by general principles.

The Pennsylvania Act of 1895, levying a tax of two per cent. on gross premiums, of life insurance companies received for business done within the State, does not amount to taxing property beyond its jurisdiction as to the premiums paid directly to a corporation outside of the State. *Union Transit Co.* v. *Kentucky,* 199 U. S. 194, distinguished.

239 Pa. St. 288, affirmed.

THE facts, which involve the constitutionality under the due process clause of the Fourteenth Amendment of a statute of Pennsylvania taxing the gross premiums on life insurance policies issued within the State, are stated in the opinion.

*Mr. Charles W. Pierson* and *Mr. Wm. S. Snyder,* with whom *Mr. Thomas DeWitt Cuyler* was on the brief, for plaintiff in error:

The assumption by a state court of a fact not in evidence as a basis for decision is a denial of due process of law.

The tax sought to be collected is a property tax, and as such cannot be collected.

The construction given to the act of 1895 deprives the society of its property without due process of law.

A State may not impose on a foreign corporation seeking to enter its borders such conditions as deprive it of rights guaranteed by the Federal Constitution.

In support of these contentions, see *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Ashley* v. *Ryan,* 153 U. S. 436; *Atchison &c. Ry.* v. *O'Connor,* 223 U. S. 280; *Atlantic & Pac. Tel. Co.* v. *Philadelphia,* 190 U. S. 160; *Chi., B. & Q. R. R.* v. *Chicago,* 166 U. S. 226; *Pennsylvania* v. *Hulings,* 129 Pa. St. 317; *Pennsylvania* v. *Lehigh Valley R. R.,* 104 Pa. St. 89; *Pennsylvania* v. *Standard Oil Co.,* 101 Pa. St. 119; *Pennsylvania* v. *Westinghouse Co.,* 151 Pa. St. 265; *Del., Lack. & West. R. R.* v. *Pennsylvania,* 198 U. S. 341; *Fargo* v. *Hart,* 193 U. S. 490; *Fayerweather* v. *Ritch,* 195 U. S. 276; *Firemen's Association* v. *Scranton,* 217 Pa. St. 585; *Frawley* v. *Pennsylvania Casualty Co.,* 124 Fed. Rep. 259; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; *Harrison* v. *St. L. & San Fran. R. R.,* 232 U. S. 318; *Insurance Co.* v. *Commonwealth,* 87 Pa. St. 173; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385; *Ludwig* v. *West. Un. Tel. Co.,* 216 U. S. 146; *Mutual Life Ins. Co.* v. *Girard Life Ins. Co.,* 100 Pa. St. 172; *N. Y. Life Ins. Co.* v. *Head,* 234 U. S. 149; *Old Wayne Life Ass'n* v. *McDonough,* 204 U. S. 8; *Postal Tel. Co.* v. *Taylor,* 192 U. S. 64; *West. Un. Tel. Co.* v. *Kansas,* 216 U. S. 1; *West. Un. Tel. Co.* v. *Frear,* 216 Fed. Rep. 199; see also Acts of April 11, 1868, Pennsylvania cited, P. L. 83; 1873, P. L. 20; 1874, P. L. 109; 1879, P. L. 112; 1889, P. L. 420; 1895, P. L. 408; 1911, P. L. 607.

*Mr. William M. Hargest,* Second Deputy Attorney General of the State of Pennsylvania, with whom *Mr. Francis Shunk Brown,* Attorney General of the State of Pennsylvania, was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The Equitable Life Assurance Society of the United States, the plaintiff in error, does business in Pennsylvania. By an act of June 28, 1895, that State levies an annual tax of two per cent. upon the gross premiums of every character received from business done within the State during the preceding year. The Company paid large taxes under this act, but appealed to the state courts from charges made by the State Accounting Officer in respect of premiums for the years 1906, 1907, 1908, 1909 and 1910, paid to the Company outside the State by residents of Pennsylvania. The Supreme Court sustained the charge. 239 Pa. St. 288. The whole discussion there was whether these items fell within the statute. On that point of course the decision of the state court is final, and as the Company is a foreign corporation and this is held to be a tax for the privilege of doing business in the State, it is obvious that the scope of the question before us is narrow, being only whether the statute as construed deprives the Company of its property without due process of law, contrary to the Fourteenth Amendment, as alleged. It is true that the plaintiff in error suggests a further infraction of that amendment in an assumption by the Supreme Court of an unproved fact: that the beneficiaries of the policies lived in Pennsylvania. But it is enough to answer that we understand the decision when it uses the word beneficiaries to mean parties to the contracts, the insured, and that the assumption was warranted by the record as to them.

The grounds for the only argument open are that a State cannot tax property beyond its jurisdiction, *Union Transit Co.* v. *Kentucky,* 199 U. S. 194; that it cannot effect that result indirectly by making the payment a condition of the right to do local business, *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1; *Pullman Co.* v.

*Kansas,* 216 U. S. 56; *Ludwig* v. *Western Union Telegraph Co.,* 216 U. S. 146; and that as it could not prohibit the contracts it cannot impose the tax. *Allgeyer* v. *Louisiana,* 165 U. S. 578. In aid of the effort to make the foregoing decisions applicable it is argued that this is a property tax. But, as we have said, the Supreme Court of Pennsylvania speaks of it as a tax for the privilege of doing business within the Commonwealth, and whether the statement is a construction of the act or not we agree with it so far at least as to assume that if that characterization is necessary to sustain the tax, the Legislature meant to avail itself of any power appropriate to that end.

Without going into any preliminary matters that might be debated it is enough for us to say that we agree with the Supreme Court of the State in its line of reasoning; applying it to the claim of constitutional rights which that court did not discuss. The question is not what is doing business within a State in such a sense as to lay a foundation for service of process there. It being established that the relation of the foreign company to domestic policy holders constituted doing business within the meaning of the statute, the question is whether the Company may be taxed in respect of it, in this way, whatever it may be called. We are dealing with a corporation that has subjected itself to the jurisdiction of the State; there is no question that the State has a right to tax it and the only doubt is whether it may take this item into account in fixing the figure of the tax. Obviously the limit in that regard is a different matter from the inquiry whether the residence of a policy holder would of itself give jurisdiction over the Company. The argument of the state court is that the Company is protecting its insured in Pennsylvania equally whether they pay their premiums to the Company's agent in Philadelphia or by mail or in person to another in New York.

These are policies of life insurance and according to the

statement of the plaintiff in error are kept alive and renewed to residents of Pennsylvania by payments from year to year. The fact that the State could not prevent the contracts, so far as that may be true, has little bearing upon its right to consider the benefit thus annually extended into Pennsylvania in measuring the value of the privileges that it does grant. We may add that the State profits the Company equally by protecting the lives insured, wherever the premiums are paid. The tax is a tax upon a privilege actually used. The only question concerns the mode of measuring the tax. *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 162, 163. As to that a certain latitude must be allowed. It is obvious that many incidents of the contract are likely to be attended to in Pennsylvania, such as payment of dividends when received in cash, sending an adjuster into the State in case of dispute, or making proof of death. See *Connecticut Mut. Life Ins. Co.* v. *Spratley*, 172 U. S. 602, 611; *Pennsylvania Lumbermen's Mut. Fire Ins. Co.* v. *Meyer*, 197 U. S. 407, 415. It is not unnatural to take the policy holders residing in the State as a measure without going into nicer if not impracticable details. Taxation has to be determined by general principles, and it seems to us impossible to say that the rule adopted in Pennsylvania goes beyond what the Constitution allows.

*Judgment affirmed.*