THE CONTINENTAL INSURANCE COMPANY, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92569, 92570, 92571, 92572, 92573, 92574.

Promulgated September 8, 1939.

*Pressly R. Baldridge, Esq.*, for the petitioners.
*B. M. Brodsky, Esq.*, for the respondent.

[1] Proceedings of the following petitioners are consolidated herewith: First American Fire Insurance Company; Fidelity-Phenix Fire Insurance Company of New York; Niagara Fire Insurance Company; Fidelity and Casualty Company of New York; and Maryland Insurance Company.

OPINION.

MURDOCK: The Commissioner determined the following deficiencies in income tax for 1934:

| Petitioner | Docket No. | Year | Amount |
|---|---|---|---|
| Continental Insurance Co. | 92569 | 1934 | $5,765.35 |
| First American Fire Insurance Co. | 92570 | 1934 | 446.22 |
| Fidelity-Phenix Fire Insurance Co. of New York | 92571 | 1934 | 3,084.99 |
| Niagara Fire Insurance Co. | 92572 | 1934 | 1,329.65 |
| Fidelity and Casualty Co. of New York | 92573 | 1935 | 2,283.79 |
| Maryland Insurance Co. | 92574 | 1935 | 516.54 |

The issue presented is whether the petitioners are entitled to credits for taxes paid to the Dominion of Canada. The facts in each case have been stipulated and are hereby found as stipulated.

Each case has in it exactly the same question that was decided for the taxpayer in *Queen Insurance Co. of America*, 40 B. T. A. 484, and following that decision we hold that the total amount due under the Canadian Income War Tax Act, including the amount credited thereon but paid originally as premium tax, is a proper credit under section 131 (a) (1).

That disposes of all of the cases except the first and the last, in which payments of premium tax under the Canadian Special War Revenue Act exceeded the amount due under the Canadian Income War Tax Act. The Continental Insurance Co. paid $66.84 more as premium tax under the Canadian Special War Revenue Act than it owed as income tax under the Canadian Income War Tax Act. A similar excess in the case of the Maryland Insurance Co. was $646.94. These two proceedings present, on account of these excesses, the question of whether the Canadian Special War Revenue Act, in imposing a tax upon annual premiums on Canadian business in the case of certain insurance companies, imposed an income tax. This question was not decided in the *Queen Insurance Co.* case and was conceded by the Government in favor of the taxpayer in the case of *United States Fidelity & Guaranty Co.*, 5 B. T. A. 23. But here it must be decided.

The tax is tested by our standards of an income tax. *Biddle* v. *Commissioner*, 302 U. S. 573. Income, as defined by our courts and statutes, is now generally understood to mean something quite different from gross receipts. *Eisner* v. *Macomber*, 252 U. S. 189; sec. 22 (a), Revenue Act of 1934. Cf. *Doyle* v. *Mitchell Brothers*, 247 U. S. 179; I. T. 2596, C. B. X–2, p. 184. The law in question imposed a tax of one percent upon the net premiums received by an insurance company in Canada, less net premiums paid for reinsurance to other companies subject to the act. Net premiums were defined

as gross premiums received, less rebates and returns. Thus the tax was imposed upon the gross premiums for risks taken by the company. The insurance did not have to result in a profit to subject the company to the tax. It was more like an excise tax upon the privilege of doing business than like an income tax. *Pacific Insurance Co.* v. *Soule*, 7 Wall. 433; *Equitable Life Assurance Society* v. *Pennsylvania*, 238 U. S. 143; *Provident Savings Life Assurance Society* v. *Kentucky*, 293 U. S. 103; *Brown* v. *Protective Life Insurance Co.*, 188 Ala. 166; 66 So. 47. It was not an income tax within the meaning of section 131 (a) (1) of the Revenue Act of 1934.

*Decisions will be entered under Rule 50.*