## HELVERING v. QUEEN INS. CO.

### No. 16.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen. and Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., for petitioner.

William H. Hotchkiss, of New York City (John S. Breckinridge, of New York City, of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The only question in this case is as to the meaning of § 7 of Part III of the Canadian Income War Tax Act of 1917, which reads as follows: "A taxpayer shall be entitled to deduct from the tax that would otherwise be payable by him under this Act, the amount paid for corresponding periods under the provisions of Parts II and III of the Special War Revenue Act of 1915." By § 131 (a) (1) of the United States Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 131(a) (1), a taxpayer may credit upon his income tax "the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country." The taxpayer at bar, a domestic stock insurance company doing a fire and marine business in the United States and Canada, became liable in the year 1934 for a Canadian excise upon its Canadian premiums of $5,-404.94; and it is conceded that this tax was not within § 131(a) (1). It was also liable in the same year for a Canadian income tax of $6,924.05. The difference between this sum and the excise was $1,519.11, which was all that the Commissioner allowed as a credit upon the taxpayer's income tax, on the theory that only so much Canadian income tax had accrued or had been paid. The taxpayer maintained on the other hand that, although the Canadian excise was applied as a credit upon the amount due as Canadian income tax, the whole income tax had nevertheless been paid, and should be credited upon the United States income tax. The Board agreed with this position, and the Commissioner appealed.

The taxpayer's position must be that the same sum paid both the Canadian excise and the Canadian income tax. Theoretically that might be true, but the Canadian act did not say so; on the contrary it said the taxpayer might deduct the excise from the income tax "that would otherwise be payable by him," which meant that as things were the income tax was not payable pro tanto. If so, it did not accrue, and he did not pay it. If the Canadian statute had happened to say that the taxpayer might deduct the income tax from what would otherwise be payable as excise, the opposite

result would have followed; and that, no doubt, is somewhat capricious, but the caprice, if there is any, is that of our own law, which allows the one credit and not the other. That puts it upon the taxpayer to prove that he has paid an actual income tax, not that an income tax would have been payable, if facts had been "otherwise."

Order reversed.