**ST. PAUL FIRE & MARINE INS. CO. v. REYNOLDS, Collector of Internal Revenue.**

**No. 108 Civil.**

District Court, D. Minnesota, Third Division. March 9, 1942.

Frank C. Hodgson, of Oppenheimer, Hodgson, Brown, Donnelly & Baer, all of St. Paul, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

BELL, District Judge.

The question in this case is whether the insurance premium taxes paid by the plaintiff in Canada as required by the "Special War Revenue Act of 1915," as amended, of that country for the years 1933, 1934, 1935 and 1936 may be deducted from the plaintiff's Federal income taxes in the United States for those years respectively under the provisions of Section 131(a) (1) of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Code § 131(a) (1).

The plaintiff is a Minnesota corporation and during the taxable years mentioned was engaged in writing certain forms of insurance, other than life, in the Dominion of Canada. In its tax returns to the United States for those years it applied as a credit against its income taxes the premium taxes which it paid to Canada under the Special War Revenue Act of 1915, as amended. The Commissioner allowed the premium tax as a deduction from income on the theory that it was a business expense, but disallowed it as a credit against taxes. A deficiency was assessed for each year. The deficiencies were paid, refunds claimed, and this suit is to recover for disallowance thereof.

The Revenue Acts of the United States in force during those years allowed a tax credit "In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *." Section 131(a) (1), Revenue Acts 1932 and 1934.

The Special War Revenue Act of 1915 of Canada, as amended, in effect during the years mentioned, provided: "Every company authorized under the laws of the Dominion of Canada, or of any province

thereof, to transact the business of insurance, other than a mutual company carrying on business on the premium deposit plan and an exchange, shall pay to the Minister a tax of one per centum upon the net premiums received by it in Canada, less net premiums paid for re-insurance to companies to which this subsection applies, during the year 1932 and each calendar year thereafter." Section 14(1) of Part III, Revision 1927.

It is the tax imposed by this Canadian statute and paid by the plaintiff that it claims as a credit on its income tax in the United States for the years mentioned. To be entitled to the credit the premium tax of Canada must be interpreted as an income tax as that term is defined by the laws of the United States. In Biddle v. Commissioner, 302 U.S. 573, 58 S.Ct. 379, 381, 82 L.Ed. 431, the Court said: "At the outset it is to be observed that decision must turn on the precise meaning of the words in the statute which grants to the citizen taxpayer a credit for foreign 'income taxes paid.' The power to tax and to grant the credit resides in Congress, and it is the will of Congress which controls the application of the provisions for credit. The expression of its will in legislation must be taken to conform to its own criteria unless the statute, by express language or necesssary implication, makes the meaning of the phrase 'paid or accrued,' and hence the operation of the statute in which it occurs depends upon its characterization by the foreign statutes and by decisions under them."

■ Some well recognized principles governing interpretation of taxing statutes will be helpful. The general rule requiring adherence to the letter of the statute applies with strictness to taxing acts. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156. In case of doubt, taxing statutes are construed in favor of the taxpayer. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. Whether deductions shall be allowed depends on legislative grace; and only where there is· a clear provision authorizing it can any particular deduction be allowed. New Colonial Ice Company v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. Statutory provisions granting exemptions are to be strictly construed. United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40. Those who seek exemption from a tax must be able to present more than a doubt or ambiguity. Bank of Commerce v. Tennes-

see, 161 U.S. 134, 16 S.Ct. 456, 40 L.Ed. 645; Id., 163 U.S. 416, 16 S.Ct. 1113, 41 L. Ed. 211. Exemptions from taxation cannot rest upon mere implications. United States Trust Company v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104; Trotter v. Tennessee, 290 U.S. 354, 54 S.Ct. 138, 78 L.Ed. 358. Broad statutory exemptions frequently have been construed narrowly and confined to situations where the subject matter of the exemption was directly involved. Hale v. Iowa State Board of Assessment and Review, 302 U.S. 95, 58 S.Ct. 102, 82 L.Ed. 72.

■ The term "income tax" as used in Section 131(a) (1) has a well defined meaning which may be ascertained by an examination of the decisions of the United States courts. The Supreme Court in Stratton's Independence, Limited, v. Howbert, Collector, 231 U.S. 399, 34 S.Ct. 136, 140, 58 L.Ed. 285, said: " 'Income' may be defined as the gain derived from capital, from labor, or from both combined." In Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 193, 64 L.Ed. 521, 9 A.L.R. 1570, the Court said: " 'Income may be defined as the gain derived from capital, from labor, or from both combined,' provided it be understood to include profit gained through a sale or conversion of capital assets." According to these definitions the term "Income" as used in the Revenue Acts includes only gain or profit as a basis for income taxation and they exclude gross receipts or gross income as such a basis. The insurance premiums on which the taxes in Canada were based were not gain or profit but constituted a portion of the plaintiff's gross receipts or gross income; and, on the business producing them, a gain may have been derived or a loss may have been sustained. Irrespective of the gain or loss element in the premiums, the tax is measured, not by income, either net or gross, but by net premiums received, less net premiums paid for reinsurance. The premiums received were not income within the meaning of that term as used in Section 131(a) (1) of the Revenue Acts and the premium tax was not an income tax.

The plaintiff directs attention to the word "any" in the language of Section 131 (a) (1) and contends that the Act is broad enough to cover an income tax on either net or gross income. It also contends that the defendant in its interpretation seeks to limit the Act to a net income tax or, in effect, to read into the Act the word "net."

In this case, it is not necessary to imply either term, "net" or "gross." However, the simple answer to the contention of the plaintiff is that it is required to show that the premium tax is an income tax or it is not entitled to a credit against taxes, and the conclusion seems inevitable that the premium tax is not an income tax of any kind within the meaning of the Revenue Acts as interpreted by the Courts.

 Taxes imposed on insurance premiums for the privilege of transacting business long have been designated an "excise tax." Pacific Insurance Company v. Soule, 7 Wall. 433, 19 L.Ed. 95; Equitable Life Assurance Society v. Commonwealth of Pennsylvania, 238 U.S. 143, 35 S.Ct. 829, 59 L.Ed. 1239; Provident Savings Life Assurance Society v. Commonwealth of Kentucky, 239 U.S. 103, 36 S.Ct. 34, 60 L.Ed. 167, L.R.A. 1916C, 572; Helvering v. Queen Insurance Company, 2 Cir., 115 F.2d 341, certiorari denied 312 U.S. 706, 61 S.Ct. 827, 85 L.Ed. 1138; Continental Insurance Company v. Commissioner, 40 B.T.A. 540. An excise tax may be levied on quantity, value or price, either wholesale or retail, or it may be measured by income or a portion of income either net or gross. In this case it is measured by a per centum on net premiums received in Canada, less net premiums paid for reinsurance. If there had been any intention on the part of Congress to allow premium taxes as a credit against taxes, it could have so provided; but tax credits should be limited to the items expressly authorized by the Act.

Our problem was involved in Helvering v. Queen Insurance Company, supra. In that case the taxpayer deducted its premium tax from its Canadian income tax, as authorized by the laws of that country, which left an income tax balance. It sought to apply, not only this balance but also the amount of the premium tax, as a credit against its Federal income tax on the theory that it had paid the entire Canadian income tax. The Board of Tax Appeals sustained this contention and the Commissioner appealed. The Court of Appeals reversed on the ground that only the balance of the income tax could be allowed as a tax credit, even though the premium tax had been paid and the sum thereof properly deducted from the Canadian income tax. The taxpayer in that case conceded that the premium tax was not within the provision of Section 131(a) (1) and that factor must be considered in determining the value of the opinion as an authority in this case; but the net effect of the decision is that the Canadian premium tax was denied as a credit against the Federal income tax of the insurance company, which is the identical question before the court in this case.

The Board of Tax Appeals, in Continental Insurance Company v. Commissioner, supra, held that the premium tax of Canada is an excise tax and not an income tax within the meaning of Section 131(a) (1) of the Revenue Act of 1934.

 Our attention is directed to the original practice of the Treasury Department in allowing the premium tax as a credit, and to the successive re-enactments of Section 131 since 1918. It is contended that this action constitutes a practical construction of the statute entitling the plaintiff to the credit. From 1924 to 1928 inclusive, the plaintiff deducted the premium tax from gross income as a business expense and paid the tax accordingly. Thereafter, it filed claims for a refund which were allowed. In Appeal of United States Fidelity and Guaranty Company, 5 B.T.A. 23, it was held that the premium tax was allowable as a credit against income taxes. The record in this case does not show the action of the Department from 1929 to 1932 inclusive. It does not appear that there was any departmental regulation until 1937 when it was held that a premium tax was not allowable as a credit against taxes. The power is vested in Congress to impose taxes or to exempt from taxation, and, even though the Treasury Department is authorized to make regulations for the administration of the revenue laws, it may not alter the clear language of a statute. Helvering v. Safe Deposit and Trust Company, 4 Cir., 95 F.2d 806. Erroneous construction by an administrative department is not binding on the courts. Hellmich v. Hellman, 8 Cir., 18 F.2d 239. Any action by the Treasury Department in allowing the Candian premium tax as a credit against Federal income taxes was erroneous and subject to correction at any time. Manhattan General Equipment Company v. Commissioner, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528.

The judgment must be in favor of the defendant.