**NORTHWESTERN MUT. FIRE ASS'N v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12338.

United States Court of Appeals
Ninth Circuit.

April 3, 1950.

134

Jo Dudley Cook, Frederick J. Orth, Seattle, Wash. (Rode, Cook & Watkins, Seattle, Wash., of counsel), for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Carlton Fox and Robert M. Weston, Sp. Assts. to Atty. Gen., for respondent.

Before BONE, Circuit Judge, and GOODMAN and MATHES, District Judges.

MATHES, District Judge.

In petitioner's income tax returns for each of the tax years 1942 and 1943 credits, are claimed for "net premium" taxes paid to the Dominion of Canada. Such credits are allowable, petitioner contends, because the foreign taxes so paid were imposed "in lieu of a tax upon income" within the meaning of § 131(h) of our Internal Revenue Code, 26 U.S.C.A. § 131(h).

Petitioner later filed timely claims for refund upon the ground that an erroneous computation of the credit limitation imposed by § 131(b) had been made. The limitation of the foreign-tax credit claimed in the returns was computed by adopting the ratio of gross amount of income from Canadian sources to gross amount of income from all sources. Whereas petitioner now contends that the proper credit limitation is the ratio of normal-tax net income from Canadian sources to such income from all sources.

The Commissioner assessed deficiencies for the foreign-tax credits claimed in the returns, and also disallowed the claims for refund. The decision of the Tax Court upon stipulated facts, 12 T.C. 498, upholding both acts of the Commissioner, is here for review pursuant to Int.Rev.Code, § 1141(a), 26 U.S.C.A. § 1141(a).

The Canadian Special War Revenue Act of 1915, § 14, Canada Rev.Stat. 3538 (1927), as amended, Canada Stat. 6-7 Geo. 6, c. 32, § 5 (1942), levied a 3% tax upon "net premiums" of mutual insurance companies other than life. The statute, § 13, defines "net premiums" to be "the gross premiums received * * * less the rebates and return premiums paid on the cancellation of policies * * *." But it was not until 1946 that mutual insurance companies other than life were made subject to Canadian income taxes, Canadian Income War Tax Act of 1917, § 4, Canada Rev.Stat. 2140 (1927), as amended, Canada Stat., 10 Geo. 6, c. 55, § 3 (1946).

In 1942 and 1943 petitioner paid the Canadian government the 3% tax upon "net premiums" collected in Canada. The Tax Court held that the Canadian tax was not one imposed "in lieu of a tax upon income" within the meaning of Int.Rev.Code, § 131 (h), and that petitioner was not therefore entitled to credit for the foreign taxes so paid.

Whether a foreign tax is imposed "in lieu of a tax upon income" within § 131 (h) is determined not by characterization of the tax in foreign statutes and decisions, but according to the laws of the United States. Biddle v. Commissioner, 1938, 302 U.S. 573, 578, 58 S.Ct. 379, 82 L.Ed. 431; New York & Honduras Rosario Min. Co. v. Commissioner, 2 Cir., 1948, 168 F.2d 745, 747. Which is to say we are to look at the true nature and incidence of Canada's tax, regardless of how it is named by her Parliament or her courts, and ascertain whether, when tested by our income tax laws, the "net premium" tax paid by petitioner must fairly be said to have been "in lieu of a tax upon income."

It has already been shown that the Canadian tax in question was in the nature of a "gross income" or, more precisely, a "net sales" tax. See Paton, Accountants' Handbook 110 (3d Ed.1944). In Canada, then, during the tax years 1942 and 1943, companies such as petitioner were not subject to Canadian income tax, but were subject to the 3% "net premium" tax.

We turn now to consider our method of taxing mutual insurance companies other than life during the same period. Prior to 1942, such companies were, in practical effect, exempt from federal income taxation. Revenue Act of 1938, § 101(11), 26 U.S.C.A. § 101 note; See H.R.Rep. No. 2333, 77th Cong, 2d Sess. 27 (1942), 1942-2 Cum.Bull. 372, 395; cf. Revenue Act of 1942, § 165(a), 26 U.S.C.A. § 101(11). In the Revenue Act of 1942, § 165(b), Int. Rev.Code, § 207(a), 26 U.S.C.A. § 207(a), alternative tax bases for mutual insurance companies other than life were provided— namely, normal-tax net income derived from net investment income, Int.Rev.Code, § 207(a) (1), and "gross amount of income" (i.e. investment income plus "net premiums" minus certain deductions). § 207(a) (2). The greater tax computed under the two alternatives established tax liability. § 207(a).

It was conceded upon oral argument that investment income of mutual insurance companies other than life constitutes but a negligible proportion of gross amount of income. In substance then the tax imposed under our § 207(a) (2) cannot be distinguished from a tax upon "net premiums."

The legislative history of the Revenue Act of 1942, § 165(b), 26 U.S.C.A. § 207, amending Int.Rev.Code, § 207, discloses that administrative difficulties encountered in attempting to define and tax the underwriting income of mutual insurance companies other than life prompted the Congress to resort to the "gross amount of income" alternative. Thus the tax based upon "gross amount of income" is in fact a tax "in lieu of a tax upon income." See Sen.Rep. No. 1631, 77th Cong., 2d Sess. 131 (1942), 1942-2 Cum.Bull. 504, 602, 615; cf. Int.Rev.Code, § 204(a, b) 26 U.S.C.A. § 204 (a, b).

The Commissioner contends that a foreign tax must have some relation to profits in order to fall within the operation of Int. Rev.Code, § 131. This was true prior to 1942 when foreign-tax credits were allowed on foreign "income taxes" only. Revenue Act of 1938, § 131(a) (1), 26 U.S.C.A. § 131 note, Int.Rev.Code, § 131(a) (1), 26 U.S.C.A. § 131(a) (1). The 1942 amend-ment is clearly broader in scope providing credits for foreign taxes imposed "in lieu of a tax upon income". Revenue Act of 1942, § 158(f), Int.Rev.Code, § 131(h). To uphold the Commissioner's contention would in effect abrogate the enactment of § 131 (h) and place § 131 where it was before 1942. See St. Paul Fire & Marine Ins. Co. v. Reynolds, D.C.Minn.1942, 44 F.Supp. 863.

■ It is our duty to look to the language employed and the legislative history and "to construe the language so as to give effect to the intent of Congress". United States v. American Trucking Ass'ns., 1940, 310 U.S. 534, 542–545, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345. The report of the Senate Finance Committee on proposed § 131(h) expressly states that foreign taxes measured by "gross sales" would constitute a credit. See Sen.Rep. No. 1631, 77th Cong., 2d Sess. 131 (1942), 1942–2 Cum.Bull. 504, 602. Manifestly gross sales have no relation to profits. Gross sales are however analogous to "net premiums." See American Institute of Accountants Research Bulletin No. 9 (1941) 71.

■ Both the language and the legislative history of Int.Rev.Code, § 131(h), force us therefore to conclude that the Canadian "net premium" tax imposed upon petitioner, like the American counterpart imposed by Int.Rev.Code, § 207(a) (2), was "in lieu of a tax upon income" within the meaning of Int.Rev.Code, § 131(h). It follows that petitioner is entitled to the credits claimed in the returns for tax years 1942 and 1943, and that the deficiencies assessed by the Commissioner were erroneous.

■ This conclusion necessitates consideration of petitioner's claims for refund upon the ground that an erroneous computation was made of the credit limitation imposed by § 131(b). The Revenue Act of 1943, § 130(a), Int.Rev.Code, § 131(b), provided, as to a corporation, that the foreign-tax credit "shall not exceed * * * the * * * proportion of the tax against which such credit is taken, which the taxpayer's normal-tax net income from sources within [the foreign] country bears to its entire normal-tax net income for the

same taxable year". The language is clear and unambiguous. Sec. 130(c) of the Revenue Act of 1943, 26 U.S.C.A. § 131 note, expressly made these quoted provisions retroactive to December 31, 1939.

Taxes imposed upon petitioner by the United States for the years 1942 and 1943, were based not upon its normal-tax net income, but solely upon the alternative basis—"gross amount of income" as defined in Int.Rev.Code, § 207(a) (2). In view of that fact limitation of foreign-tax credits by a ratio of normal-tax net income appears to have no logical basis. But as legislative history reveals, mutual insurance companies such as petitioner present unusual problems of tax administration. Resolution of those problems has been made, if empirically, by the Congress. Our function is at an end when we have determined the scope of congressional action. See United States v. Evans, 1948, 333 U.S. 483, 495, 68 S.Ct. 634, 92 L.Ed. 823.

The foreign taxes paid by petitioner for the years 1942 and 1943 do not exceed the limitation specified in Int.Rev.Code, § 131(b). The claims for refund are therefore allowable.

The decision of the Tax Court is reversed and the case is remanded for further proceedings in conformity with this opinion.