The PRUDENTIAL INSURANCE COMPANY OF AMERICA

v.

The UNITED STATES.

Nos. 202–63, 247–63—252–63.

United States Court of Claims.

Oct. 16, 1964.

Francis A. Goodhue, Jr., New York City, for plaintiff. Arthur E. Schmauder, Frank G. Koch, Newark, N. J., John H. Perkins, Jr., Peter J. Sturtevant, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel.

Martin B. Cowan, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. C. Moxley Featherston, Lyle M. Turner, Philip R. Miller and Thomas A. Troyer, Washington, D. C., on the brief.

Before JONES, Senior Judge, WHITAKER, Senior Judge, and LARAMORE, DURFEE and DAVIS, Judges.

DURFEE, Judge.

These are seven suits by the taxpayer, a mutual life insurance company, incorporated in the State of New Jersey, seeking recovery of alleged overpayments of Federal income taxes. The

actions have been consolidated by order of the court. Both parties have moved for partial summary judgment on one of the issues involved, i. e., whether or not plaintiff is entitled to a foreign tax credit under sections 131(a) and (h), and 205 of the 1939 Internal Revenue Code, and sections 841, 901, and 903 of the 1954 Internal Revenue Code.

During the years 1950 and 1951, plaintiff paid a tax, imposed by the Provinces of Ontario and Quebec, of two percent on the gross proceeds of insurance premiums collected in those years from policyholders residing in the respective provinces. From 1952 until 1956, plaintiff paid the same tax to the Province of Quebec only, Ontario in 1952 having entered into a "Tax Rental Agreement" with the Dominion of Canada, whereby Ontario agreed to refrain from levying certain taxes, including the premiums tax, in return for compensation by the Dominion. Plaintiff paid to the Dominion of Canada the same two percent tax on premiums collected in 1950 and 1951 from policyholders residing in Canada outside of the Provinces of Ontario and Quebec, and from 1952 to 1956 from policyholders residing in Canada outside the Province of Quebec. By payment of these premiums taxes, plaintiff was excused from payment of Canadian income taxes by express provisions of law within each of the three Canadian jurisdictions.

Section 131(a), as amended, of the 1939 Internal Revenue Code, the precursor of section 901 of the 1954 Code, provided a tax credit on the income tax of a domestic corporation for any income taxes paid or accrued to a foreign country during the taxable year. Section 131(h) of the 1939 Code, the precursor of section 903 of the 1954 Code, defined the term income taxes as used in section 131(a) as including a tax paid in lieu of a tax upon income imposed by such foreign country. It is plaintiff's contention in this case that premiums taxes paid by it to the Provinces of Ontario and Quebec and to the Dominion of Canada constituted a tax paid in lieu of an income tax, and therefore, that plaintiff should have been entitled to a credit on its United States income taxes.

This court in Prudential Insurance Company of America v. United States, Ct.Cl., 319 F.2d 161, decided June 7, 1963, a case involving the same parties and identical issue, but pertaining to a different tax year (1949), held that such premiums payments were indeed taxes paid in lieu of income taxes. It remains for us now, in this case, to examine the applicable Canadian statutes from the years 1950 to 1956, and compare them to the statutes in effect in 1949, the year in issue in the previous Prudential case. If such a comparison shows the statutes to be identical or substantially the same, and if defendant has shown no changes in related factors or circumstances we must, under the well established rule of *stare decisis*, grant plaintiff's motion. If, on the other hand, the statutes are not the same, or if defendant has effectively shown the existence of certain related factors not known at the time of the previous case, then such nuances and/or new evidence must be evaluated before final disposition of these motions.

A reading of the Quebec statute immediately reveals the fact that the statute applicable in 1949, and the statute in effect from 1950 to 1956, were one and the same. The premiums tax in both 1949, and 1950 to 1956, were imposed by subdivision 3 of section 3 of the Quebec Corporations Tax Act ((11 Geo. VI (1949), c. 33)). Section 6 of the same statute levied a seven percent income tax on certain enumerated companies. Insurance companies were not among those companies made subject to the income tax by section 6. Cf. Prudential case, supra, 319 F.2d p. 164.

The Ontario statute applicable to income and premiums taxes in 1950 and 1951 was not the same statute that we interpreted in our prior decision. In the prior decision, we examined the Corporations Tax Act of Ontario [3 Geo.

VI (1939), c. 10, as amended.] A new Corporations Tax Act of Ontario had gone into effect in 1950 (Rev.Stat. of Ont., 1950, c. 72.) While the statutes themselves were not the same, the language of the portions of the two statutes relevant to the issues involved in the prior decision and in this case are almost identical. Section 4, subsection (1) of the 1939 Ontario Act provided that every insurance company should pay a two percent tax on life insurance gross premiums received by the company during the fiscal year from policyholders who were residents in Ontario. Section 4(1) of the 1950 Act set forth the same requirements. Section 14, subsection (1) of the 1939 Act imposed a seven percent net income tax on corporations located in Ontario. The counterpart of this section in the 1950 Act [Section 14(1)] imposed the very same seven percent tax. Finally, the specific exemption of insurance companies from paying the seven percent net income tax is found in both statutes in similar language. The exemption provision is included in section 14, subsection (3) (h) of the 1939 Act, and in section 14 (3) (i) of the 1950 Act. The interworkings of these sections of the 1939 Act were thoroughly discussed in the previous case.

An examination of the Dominion of Canada statutes applicable in the previous case, and those in effect for the years in issue in the present case, shows that the earlier statutes were again either identical or very similar to the statutes involved in this case. For the years 1950, 1951 and 1952, the premiums tax was assessed under the Dominion's Excise Tax Act (Rev.Stat. of Can., 1927, c. 179, as amended.) The Canadian income tax assessment and exemption of mutual life insurance companies were included in the Income Tax Act. [11–12 Geo. VI (1948), c. 52, as amended.] These were the same statutes involved and explained in the previous case.

Plaintiff's premiums tax was assessed for the years 1953 to 1956, under a new statute, the Excise Tax Act (Rev.Stat. of Can., 1952, c. 100, as amended.) Its language was for all intents and purposes identical to that of its predecessor. The same may be said of the language of the new Income Tax Act (Rev.Stat. of Can., 1952, c. 148, as amended), under which corporation income taxes were assessed and under which mutual life insurance companies were exempted. It too was identical to its predecessor.

Although, as we have shown, the statutes involved in this case are identical or substantially the same as those considered in the previous case, defendant contends that the present case may be distinguished from our prior holding. The thrust of this contention is focused upon the decision of the Supreme Court of Canada in Stanley Mutual Fire Insurance Company v. Minister of Internal Revenue (1953), 1 S.C.R. 442, 53 D.T.C. 1119. Defendant cites this case for the proposition that mutual life insurance companies had been exempted from income taxes on their premiums income not because of express provisions of the statutes, but because no mutual insurance company was regarded by the courts as being a profit making concern.

The issue involved in the Stanley Mutual case, supra, was whether or not a mutual *fire* insurance company was subject to income tax for the year 1947 on an amount of cash, the excess receipts including premiums earned over disbursements, which were transferred to its reserve fund. The Court held that the surplus cash was accumulated not as profit for the company, but in furtherance of the purpose of the mutual fire insurance plan, the settlement of claims or liabilities. The surplus was then held to be non-taxable.

The decision was, therefore, limited to the question of the taxability of excess receipts of a mutual *fire* insurance company. There is certain *dicta* in the opinion which would support defendant's contention that all mutual insurance companies were, because of their structure, incapable of making any profits. The holding of the Court does not, however, contain such a broad generalization.

In actuality, mutual insurance companies were regarded under Canadian law as profit making concerns. Investment income of incorporated resident mutual fire and casualty companies was included in computing taxable income from 1947 through the period in issue. Furthermore, the Stanley Mutual decision, supra, was overturned by the Dominion Parliament in 1954 by the clear intent expressed in the enactment of section 68A of the Income Tax Act. That amendment expressly taxed mutual casualty companies on their underwriting income. It also made such liability retroactive to 1947 if such companies were non-residents.

In light of the fact that, except for the years involved, the issue and circumstances of this case and both the United States Statutes and the Canadian statutes pertaining to the foreign tax credit are the same in all relevant respects for the years 1950 through 1956 as they were for the year 1949 involved in the previous Prudential case, the law of that case must govern the disposition of these motions under the rule of *stare decisis*. There is nothing to cause the court to view the prior decision as unjust or undesirable. In fact, the Government never sought reconsideration or review of that decision. The various materials defendant presents in this case fail to demonstrate that there was not a very close connection between the imposition of the Canadian premiums taxes involved here and the failure to impose income taxes. On the contrary, we are persuaded by the history and terms of the various Canadian taxing acts that these premiums taxes were paid "in lieu of" income taxes imposed on others.

Plaintiff's motion for partial summary judgment is, therefore, granted, and defendant's cross motion is denied. Partial judgment is entered for plaintiff, with the amount of recovery on this issue and the rights of the parties as to other issues raised by the pleadings to be determined by further proceedings pursuant to Rules 47(c) and 64(e).