it may be that no reason will be developed for invalidating the present convictions because of the trespassory espionage or its fruits. But this is "dirty business." *Olmstead* v. *United States,* 277 U. S. 438, 470 (1928) (dissenting opinion of Mr. Justice Holmes). It is important enough for the Solicitor General to call to our attention. And an appraisal of the material and the circumstances by defense counsel may adduce facts affecting the weight to be given the unlawful operation which would never occur to the prosecutor. The prosecutorial eye is, after all, apt to yield an out-of-focus picture, as is the eye of the defense. But in our system we insist upon the perspective developed by both. See *Dennis* v. *United States,* 384 U. S. 855, 875 (1966). In any event, the facts, circumstances, yield, and fruits of the electronic surveillance should be exposed in the record of this case so that we may, at least, be sure that the Government's trespassory surveillance has not infected the trial of these petitioners. Cf. *O'Brien* v. *United States, ante,* p. 345; *Schipani* v. *United States,* 385 U. S. 372 (1966); *Black* v. *United States,* 385 U. S. 26 (1966).

No. 1144. UNITED STATES *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES. Ct. Cl. Certiorari denied. *Solicitor General Marshall, Assistant Attorney General Rogovin, Harold C. Wilkenfeld* and *Martin T. Goldblum* for the United States. *Daniel M. Gribbon* for respondent.

No. 528. BAUERS *v.* HEISEL. C. A. 3d Cir. Certiorari denied. MR. JUSTICE DOUGLAS is of the opinion that certiorari should be granted. *Robert W. Maris, Anthony G. Amsterdam* and *Melvin Wulf* for petitioner. *Thomas J. Beetel* for respondent.