**ALLSTATE INSURANCE COMPANY**

v.

**The UNITED STATES.**

**No. 410–65.**

United States Court of Claims.

Dec. 12, 1969.

William A. Cromartie, Chicago, Ill., attorney of record, for plaintiff. Glen H. Kanwit, Chicago, Samuel H. Horne, Washington, D. C., and Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, Chicago, Ill., of counsel.

Gilbert W. Rubloff, Washington, D. C., with whom was Asst. Atty. Gen., Johnnie M. Walters, for defendant. Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

SKELTON, Judge.

This is an income tax case and is before the court on cross motions for summary judgment of the parties.

The plaintiff, Allstate Insurance Company, is an Illinois corporation with its principal office at Skokie, Illinois. It is a stock casualty insurance company. During the year 1958 it sold insurance policies in each of the provinces of the Dominion of Canada and by reason thereof, incurred liability of $278,693.08 in premiums taxes imposed by the provinces of Canada upon the gross amount of premiums it collected in that country. It paid these taxes in Canada and thereafter claimed the same amount as a business expense deduction on its income tax return for 1958 in the United States, which was allowed, and plaintiff paid its taxes then due. Later on, plaintiff decided to claim the taxes it had paid in Canada in the sum of $278,693.08 as a foreign tax credit on its 1958 income taxes in the United States. If allowed, this would reduce its income tax liability for 1958 in the sum of $133,772.68. It took the position that it had overpaid its income taxes for 1958 in this amount and accordingly, filed a claim for its refund, plus interest of not less than $31,471.39, or a total of not less than $165,244.07, together with any additional interest that may be due.

The claim for refund was denied by the Internal Revenue Service, and this suit followed. An agreed statement of facts has been filed by the parties. The sole question before the court is whether plaintiff is entitled to a credit on its 1958 United States income tax, instead of a deduction from its income, for the Canadian taxes on the gross amount of its premiums collected in that country because: (1) such taxes were paid in lieu of income taxes within the meaning of Section 903 of the Internal Revenue Code of 1954,[1] or (2) such taxes were income taxes within the meaning of Section 901 of the Code.[2]

---

1. 26 U.S.C. § 903 (1964) reads as follows:
   "§ 903. Credit for taxes in lieu of income, etc., taxes.

   "For purposes of this subpart and of sections 164(a) and 275(a), the term 'income, war profits, and excess profits taxes' shall include a tax paid in lieu of a tax on income, war profits, or excess profits otherwise generally imposed by any foreign country or by any possession of the United States."

2. 26 U.S.C. § 901 (1964) reads as follows:
   "§ 901. Taxes of foreign countries and of possessions of United States.
   *       *       *       *       *

Both parties agree that this question has been thoroughly and exhaustively considered and dealt with by this court with respect to mutual life insurance companies doing business in Canada in the following cases: Prudential Ins. Co. of America v. United States, 319 F.2d 161, 162 Ct.Cl. 55 (1963); Prudential Ins. Co. of America v. United States, 337 F.2d 651, 167 Ct.Cl. 598 (1964), cert. denied, 386 U.S. 1018, 87 S.Ct. 1375, 18 L.Ed.2d 457 (1967); Equitable Life Assurance Soc'y of the United States v. United States, 366 F.2d 967, 177 Ct.Cl. 55 (1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1375, 18 L.Ed.2d 457 (1967); Metropolitan Life Ins. Co. v. United States, 375 F.2d 835, 179 Ct.Cl. 606 (1967). In each of these cases, the Canadian premiums taxes were allowed as a credit on income taxes due the United States by mutual life insurance companies. The Ninth Circuit Court of Appeals reached the same result in Occidental Life Ins. Co. of Calif. v. United States, 385 F.2d 1 (9th Cir. 1967), aff'g 250 F.Supp. 130 (S.D.Cal.1965), in a case involving a stock life insurance company. This is the first time the question has been presented to this court in a case in which a stock casualty insurance company is involved.

■ The plaintiff argues that all insurance companies should be treated alike and since the credit has been allowed to life insurance companies it should likewise be allowed to a stock casualty insurance company. Unfortunately, this cannot be done because there is a difference, at least taxwise, between the two types of companies and the way they are treated under Canadian laws. This difference is found in the laws which exempt life insurance companies from the payment of all income taxes

but require stock casualty insurance companies (such as the plaintiff here) to pay income taxes. In our opinion, this difference in the Canadian laws governs the disposition of this case. This is especially true with reference to plaintiff's first argument to the effect that the premiums taxes were paid in lieu of income taxes. We will consider that argument first.

At the outset, it should be pointed out that the plaintiff, as a stock casualty insurance company, was subject to the payment of income taxes in each of the 10 provinces of Canada during the year in question (1958). These income taxes were imposed under two different systems or plans, namely: (1) The Provinces of Ontario and Quebec levied and collected their own income taxes; and (2) The other eight provinces had entered into tax rental agreements with the Dominion whereby they participated in the Federal-Provincial Tax Sharing Arrangements Act under which the provinces suspended the collection of income taxes and allowed the Dominion to collect such taxes, which, in turn, made tax rental payments out of its income tax receipts to such provinces. In addition, the plaintiff was subject to the payment of the premiums taxes in all of the 10 provinces. Actually, the income of the plaintiff in 1958 was not sufficient to require it to pay income taxes to the Dominion or to Ontario or Quebec under their income tax laws. The defendant agrees that if the plaintiff had actually paid income taxes which were required to be paid by the Canadian income tax laws, it would be entitled to the foreign tax credit for such income taxes. But the taxes involved here were collected as premium taxes and not as

"(b) Amount allowed.

"Subject to the applicable limitation of section 904, the following amounts shall be allowed as the credit under subsection (a):

"(1) Citizens and domestic corporations.

"In the case of a citizen of the United States and of a domestic corporation,

the amount of any income, war profits, and excess profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * * "

\*         \*         \*         \*         \*

income taxes. We held in Metropolitan Life Ins. Co. v. United States, *supra:*

> The sovereign inquiry, then, is "whether the tax was levied by the foreign country in place of or instead of or as a substitute for some existing income or profits tax." * * * [Id. 375 F.2d at 839, 179 Ct.Cl. at 612.]

In that case we held that the effect of the tax rental agreements between the provinces and the Dominion was that the Dominion's income tax became the "generally imposed income tax" of the provinces. In that case the plaintiff was not subject to income taxes but was exempt therefrom. However, it was required to pay premium taxes. We held that income taxes were generally imposed in Canada and since the plaintiff was exempt from paying such taxes but was required to pay the premiums taxes, such taxes were "in lieu of" income taxes.

The situation in the case before us is different. The plaintiff is *not exempt* from the payment of income taxes but is required to pay them. The premiums taxes could not be "in lieu of," or as a substitute for income taxes, because the plaintiff had to pay the income taxes *in addition* to the premiums taxes. These facts appear to fall within the "four corners" of our decision in the *Metropolitan Life Insurance Company* case, *supra,* where we said:

> * * * If the premiums tax is disallowed, it will be because the court concludes that—for those firms, in contrast to mutual life companies—the particular pattern of the Canadian legislation shows that this tax is not

"in lieu" of "a tax upon income * * otherwise generally imposed * * * *", but is simply an additional levy. [*Id.* 375 F.2d at 841, 179 Ct.Cl. at 614.]

In our opinion, the premiums taxes in the case before us were not "in lieu" of income taxes otherwise generally imposed, but were an additional levy which the plaintiff was required to pay over and above and apart from its payment of income taxes.[3]

This brings us to a consideration of plaintiff's alternative contention that the premiums taxes were actually income taxes under Section 901 of the Code, *supra.* We did not pass on this question in the two *Prudential Insurance Company* cases, *supra,* nor in the *Equitable Life Assurance Soc'y of the United States* and *Metropolitan Life Insurance Company* cases, cited above. In all of those cases we held that the premiums taxes were "in lieu" of income taxes and it was not necessary for us to decide whether the premiums taxes were themselves income taxes. We said in Prudential Ins. Co. of America v. United States, 319 F.2d 161, 162 Ct.Cl. 55 (1963):

> * * * [T]he tax on insurance premiums which plaintiff paid * * * was "a tax paid in lieu of a tax upon income * * *." Accordingly, we need not also determine whether these premiums taxes were "income taxes paid or accrued during the taxable year" to the Canadian jurisdictions, within the meaning of sec. 131(a). [Id. 319 F.2d at 165, 162 Ct.Cl. at 62–63.][4]

This is the first time this court has been called upon to pass on this ques-

---

3. See Equitable Life Assurance Soc'y of the United States v. United States, 366 F.2d 967, 975, 177 Ct.Cl. 55, 70 (1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1375, 18 L.Ed.2d 457 (1967), where the court cited with approval Section 903 of the Regulations of the Internal Revenue Code of 1954 (Section 1.903–1 (26 C.F.R. § 1.903–1)), which provides that a tax imposed by a foreign country is deemed to be imposed "in lieu of" an

income tax under the Code only if "Such general income tax is not imposed upon the taxpayer thus subject to such substituted tax."

4. Section 131(a) of the Internal Revenue Code of 1939 was subsequently re-enacted without change as Section 901 of the 1954 Code. In 1942 the "in lieu" provision was added as Section 131(h) and it subsequently became Section 903 of the Code.

tion. However, other courts have decided the issue contrary to the plaintiff's contention here. In the case of United States v. Occidental Life Ins. Co. of Calif., 385 F.2d 1, 10 (9th Cir. 1967), both the trial court and the Court of Appeals held that Canadian life insurance premiums taxes were not income taxes.

In St. Paul Fire & Marine Ins. Co. v. Reynolds, 44 F.Supp. 863 (D. Minn. 1952), the court held that a Canadian premiums tax paid by a casualty insurance company was an excise tax and not an income tax within the meaning of Section 131(a) (now Section 901) of the Code. To the same effect is the holding in Continental Ins. Co. v. Commissioner of Internal Revenue, 40 B.T.A. 540 (1939) with respect to the premiums tax paid to Canada in that case. Essentially the same result was reached by the court in Helvering v. Queen Ins. Co., 115 F.2d 341 (2d Cir. 1940). There the company was subject to both premiums taxes as well as income taxes (as here). However, the Canadian laws there allowed it to deduct the premiums taxes from the income taxes it owed in Canada. When this was done it left a balance due on the Canadian income tax, which it paid. It then claimed a credit on its income tax due the United States for not only the balance of the Canadian income tax it had paid, but also for the premiums tax it had deducted from the Canadian income tax. It contended that when it deducted the premiums tax from the income tax, it was in effect paying both the premiums tax and the income tax to the extent of the premiums tax thus deducted. It was conceded that the premiums taxes were not within Section 131(a) (now Section 901) of the Code. The court held that the company was not entitled to a credit on its income taxes in this country for the premiums taxes deducted from the Canadian income taxes, but did allow it a credit for the balance of the Canadian income tax, which it paid. The effect of this holding is that Canadian premiums taxes are not income taxes and credit for their pay-

ment will not be allowed on income taxes due in this country.

The sole question in the case of Keasbey & Mattison Co. v. Rothensies, 133 F.2d 894 (3d Cir. 1943), cert. denied, 320 U.S. 739, 64 S.Ct. 39, 88 L.Ed. 438, was whether a tax paid in Canada for a mining privilege based on the gross value of the output under a prescribed formula, less allowable deductions only of costs incurred in the mining operation, was an income tax within the meaning of Section 131(a) (1) (now Section 901) of the Code so as to entitle the taxpayer to a credit on its income tax in the United States for the year in question. The court held that the tax was actually an excise tax and not an income tax and the taxpayer was not entitled to the credit sought on his United States income tax. While that case did not involve insurance premiums taxes such as are involved here, nevertheless, the principles that were involved and the reasoning of the court bear directly on the problem before us.

The plaintiff has not cited any case that holds that premiums taxes are income taxes as that term is defined and applied by our courts, and we know of none. Plaintiff argues that since the tax is based on the amount of premiums received, it is a tax on income and therefore an income tax. This is not necessarily true, as will be shown below. It should be pointed out that it would be somewhat illogical to say that the premiums tax involved here was an income tax because Canada had an income tax that was separate and apart and different from the premiums tax, and the plaintiff was subject to both. However, it could be argued without fear of much contradiction that tax laws are not always logical. In any event, if the premiums tax could be said to have been an income tax, it would necessarily have been an "additional" income tax because of the already existing income tax.

The plaintiff is correct in saying the standard for determining whether

or not a tax is an income tax is determined by our own revenue laws. See Biddle v. Commissioner of Internal Revenue, 302 U.S. 573, 58 S.Ct. 379, 82 L.Ed. 431 (1938); Commissioner of Internal Revenue v. American Metal Co., 221 F.2d 134 (2d Cir. 1955), cert. denied, 350 U.S. 829, 76 S.Ct. 61, 100 L. Ed. 740; Northwestern Mut. Fire Ass'n v. Commissioner of Internal Revenue, 181 F.2d 133 (9th Cir. 1950); H. H. Robertson Co. v. Commissioner of Internal Revenue, 176 F.2d 704 (3d Cir. 1949); New York & Honduras Rosario Mining Co. v. Commissioner of Internal Revenue, 168 F.2d 745, 12 A.L.R.2d 355 (2d Cir. 1948); Keasbey & Mattison Co. v. Rothensies, 133 F.2d 894, 897 (3d Cir. 1943), cert. denied, 320 U.S. 739, 64 S. Ct. 39, 88 L.Ed. 438; St. Paul Fire & Marine Ins. Co. v. Reynolds, 44 F.Supp. 863 (D.Minn.1942); Continental Ins. Co. v. Commissioner of Internal Revenue, 40 B.T.A. 540 (1939).

■ An income tax is a direct tax on income. Brushaber v. Union Pacific R. R., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916) and Eisner v. Macomber, 252 U. S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920). However, income is not the same as gross receipts. Continental Ins. Co. v. Commissioner, *supra*, and Eisner v. Macomber, *supra*. In Stratton's Independence, Ltd. v. Howbert, 231 U.S. 399, 34 S.Ct. 136, 58 L.Ed. 285 (1913), the Supreme Court said:

> * * * "[I]ncome" may be defined as the gain derived from capital, from labor, or from both combined, * * *. [*Id.* at 415, 34 S.Ct. at 140.]

Again, in Eisner v. Macomber, *supra*, the Court defined income thus:

> * * * "Income may be defined as the gain derived from capital, from labor, or from both combined," provided it be understood to include profit gained through a sale or conversion of capital assets, * * *. [*Id.* 252 U.S. at 207, 40 S.Ct. at 193.]

■ According to these definitions, income, within the meaning of the Internal Revenue Code is based on gain or profit and not on gross income or gross receipts. In the case before us, the premiums taxes were not based on gain or profit but on a part of plaintiff's gross income or gross receipts. Plaintiff may have had a gain or it may have had a loss in operating its insurance business during the year in question, but this would not affect the premiums tax it had to pay. This tax would have accrued and plaintiff would have been liable for it even if its business which produced the premiums had been operated at a loss. This is not in accord with the criteria for income nor for an income tax based thereon as established and applied by our tax law. The court in Continental Insurance Co. v. Commissioner, *supra*, said:

> * * * Thus the tax was imposed upon the gross premiums for risks taken by the company. The insurance did not have to result in a profit to subject the company to the tax. It was more like an excise tax upon the privilege of doing business than like an income tax. [Citations omitted.] It was not an income tax within the meaning of section 131(a) (1) of the Revenue Act of 1934. [*Id.* at 542.]

In St. Paul Fire & Marine Ins. Co. v. Reynolds, *supra*, the court, after pointing out that Canadian premiums taxes were based on a part of the gross receipts or gross income of the business and not on the gain or profit (or loss) of such business, said:

> * * * The premiums received were not income within the meaning of that term as used in Section 131(a) (1) of the Revenue Acts and the premium tax was not an income tax. [*Id.* 44 F.Supp. at 865.]

> * * * * * *

Taxes imposed on insurance premiums for the privilege of transacting business long have been designated an "excise tax." Pacific Insurance Company v. Soule, 74 U.S. 433, 7 Wall. 433, 19 L.Ed. 95; Equitable Life As-

surance Society v. Commonwealth of Pennsylvania, 238 U.S. 143, 35 S.Ct. 829, 59 L.Ed. 1239; Provident Savings Life Assurance Society v. Commonwealth of Kentucky, 239 U.S. 103, 36 S.Ct. 34, 60 L.Ed. 167, L.R.A. 1916C, 572; Helvering v. Queen Insurance Company, 2 Cir., 115 F.2d 341, certiorari denied Queen Ins. Co. of America v. Helvering, 312 U.S. 706, 61 S.Ct. 827, 85 L.Ed. 1138; Contiental Insurance Company v. Commissioner of Internal Revenue, 40 B.T.A. 540. An excise tax may be levied on quantity, value or price, either wholesale or retail, or it may be measured by income or a portion of income either net or gross. In this case it is measured by a per centum on net premiums received in Canada, less net premiums paid for reinsurance. * * * [*Id.* 44 F.Supp. at 866.]

It is clear that if a tax is to qualify as an income tax within the meaning of Section 901 of the Code, it must have some relation to the gain, profit or loss of the taxpayer. It is not enough if it is merely a tax on income, such as an excise, sales, or gross receipts tax, without regard to these other factors. See Commissioner of Internal Revenue v. American Metal Co., 221 F.2d 134 (2d Cir. 1955), cert. denied, 350 U.S. 829, 76 S.Ct. 61, 100 L.Ed. 740; United States v. Waterman Steamship Corp., 330 F.2d 128 (5th Cir. 1964), aff'd on other grounds, 381 U.S. 252, 85 S.Ct. 1389, 14 L.Ed.2d 370 (1965); Keasbey & Mattison Co. v. Rothensies, *supra;* Abbott Laboratories International Co. v. United States, 160 F.Supp. 321 (N.D.Ill.1958), aff'd, 267 F.2d 940 (7th Cir. 1959); and Lanman & Kemp-Barclay & Co. of Columbia v. Commissioner of Internal Revenue, 26 T.C. 582 (1956). These taxes are more in the nature of a tax on the privilege of doing business, or else they are sales or percentage taxes based on all or a portion of the gross receipts from sales which are levied and collected in addition to and separate and apart from income taxes the taxpayer may be

subject to. Such taxes must be paid regardless of the gain, profit or loss of the taxpayer. They do not meet the prevailing criteria for income taxes in this country. This concept was aptly stated by the court in Keasbey & Mattison Co. v. Rothensies, 133 F.2d 894, 897 (3d Cir. 1943), cert. denied, 320 U.S. 739, 64 S. Ct. 39, 88 L.Ed. 438, as follows:

* * * It seems logical to conclude that any tax, if it is to qualify as a tax on income within the meaning of Section 131(a) (1), is subject to the same basic restrictions. [*i. e.*, on income restricted to a gain realized or a profit derived from capital, labor, or both.] The Supreme Court, without advancing any precise definition of the term "income tax", has unmistakably determined that taxes imposed on subjects other than income, e. g., franchises, privileges, etc., are not income taxes, although measured on the basis of income. Stratton's Independence, Ltd., v. Howbert, 231 U.S. 399, 34 S. Ct. 136, 58 L.Ed. 285; McCoach v. Minehill & S. H. R. Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842; Flint v. Stone Tracy Co., 220 U.S. 107, 31 S. Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Spreckels Sugar Refining Co. v. McClain, 192 U.S. 397, 24 S.Ct. 376, 48 L.Ed. 496; see: Doyle v. Mitchell Bros. Co., 247 U.S. 179, 183, 38 S.Ct. 467, 62 L.Ed. 1054; United States v. Whitridge, 231 U.S. 144, 147, 34 S.Ct. 24, 58 L.Ed. 159. These criteria are determinative of the nature of the tax in question. [*Id.* at 897.]

We conclude that the premiums tax involved here was an excise tax for the privilege of doing business in Canada and was not an income tax within the meaning of Section 901 of the Internal Revenue Code of 1954.

The plaintiff is not entitled to a credit on its 1958 income tax in this country for the premiums taxes it paid in Canada for the same year. The plaintiff's motion for summary judgment is denied and that of the defendant is granted and plaintiff's petition is dismissed.

COLLINS, Judge (concurring):

I concur in full with the opinion of Judge Skelton as being in accord with our present laws and court decisions. However, I do so with regret, for the reason that this court, by its opinion, is lending credence to what I consider a discriminatory system of taxation. The classification that exists in Canada whereby mutual life insurance companies (and in some instances stock life companies) are exempt from paying income tax while stock casualty companies are not so exempt appears to have no reasonable or rational basis. Consequently, I feel that this system is highly discriminatory and, if subject to the laws of this country, would be a violation of the equal protection clause of the 14th amendment.

I recognize that it is neither the duty nor the right of this court to pass upon the validity of laws of other countries. For this reason, and this reason alone, I join in the opinion of Judge Skelton. However, this is not to say that the inequities in the Canadian taxing system should not be taken into consideration by Congress when drafting revenue laws relating to foreign tax credits. I would urge that the Congress take note of the injustice that is being perpetrated upon certain American insurance companies, in the hope that it might possibly be alleviated through proper legislation.