L. Helena Wilson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 5407. Promulgated December 31, 1946.

*Rex W. Kramer, Esq.,* for the petitioner.
*A. J. Hurley, Esq.,* for the respondent.

### OPINION.

Van Fossan, *Judge*: The respondent determined a deficiency of $258.23 in the income tax of the petitioner for the year 1940, consequent on a disallowance in part of a credit claimed under section 131, Internal Revenue Code, as amended by the Revenue Act of 1939, for taxes paid to the Dominion of Canada.

All of the facts were embodied in the following stipulation:

1. The petitioner, is and during the taxable year here involved was, an individual and an alien, a citizen of the Dominion of Canada but domiciled in the United States of America, being a resident of 2306 Hillhurst Avenue, Los Angeles 27, California. Petitioner duly filed her income tax returns for the calendar year 1940 with the collector of internal revenue at Los Angeles, Sixth District, California.

2. During the year 1940 all of petitioner's income was derived from Canadian sources, the principal source being a trust created by the Will of her deceased husband, F. C. Wilson, of which trust, National Trust Co., Ltd., F. W. Wilson and Ashwell Quarles, all of Montreal, P. Q., Canada, were the trustees.

Under and by the laws of the Province of Quebec wherein said trust was created, said trust is based directly upon the Will by which it is provided and the Will becomes, in effect the declaration of trust.

Said Will directs the Trustees of said trust to pay out of the net annual revenue thereof to petitioner the sum of $20,000.00 per annum during her lifetime and couples this direction with the provision that "if at any time the revenues of the residue of my estate should be insufficient to pay the said annual sum(s) to my wife . . . my Executors and Trustees shall draw upon the capital of my estate to provide for any such deficiency. Any payments from capital to implement the said annual sum(s) . . . shall cease to form a part of the residue of my estate, and shall not be reimbursable to said residue."

Said Will, after providing certain other annuities, to be paid from trust income, provides that any surplus income shall be paid annually to Petitioner during her lifetime.

3. During 1940 petitioner received from said Trustees as income of said trust to which she was entitled a total of $33,831.84 (Canadian) and as dividends paid by Canadian corporations $808.25 (Canadian). The taxpayer had no other income in 1940. These sums in full were subject to a Canadian income tax, on account of which there was withheld at source (and Petitioner paid) for the Dominion of Canada $1,691.59 (Canadian) as to the trust disbursements and $40.41 (Canadian) as to the dividends.

4. Petitioner's U. S. income tax return for 1940 reports as taxable income the amount of "surplus" revenue received from said trust, i. e., $33,831.84, less $20,000.00, to wit, $13,831.84, and the amount of said dividends, to wit, $808.25, or a total of $14,640.09 (Canadian). The said sum of $20,000 was not subject to U. S. income tax for the reason that its payment being guaranteed by the principal, or corpus, of the trust estate, it amounted to a legacy.

5. During all of 1940 the rate of exchange on funds remitted from Canada was fixed at 9.91 per cent. $14,640.09 reduced by this rate of exchange amounts to $13,189.26. Taxpayer reported this in her Federal tax return as the amount of her total income for 1940. After subtracting from this claimed deductions amounting to $1,177.27 a net income of $12,011.99, results, upon which a U. S. income tax of $917.68 has been computed. The total income tax paid to Canada was $1,732.00 less 9.91 per cent, or $1,560.36.

The issue before us, definitely drawn by the pleadings and set forth in the stipulated facts, is this: Was the income tax paid to the Dominion of Canada by the petitioner on the $20,000 received by her as a legacy, but construed by the Canadian Government to constitute taxable income, properly to be credited to her in the computation of her

Federal income tax for the year 1940, under the provisions of section 131 (a) (3) of the Internal Revenue Code.[1]

The sum of $20,000 was agreed not to be income, as defined by the Internal Revenue statutes of the United States, since it was the equivalent of a legacy under the decision of *Burnet* v. *Whitehouse*, 283 U. S. 148. In *Biddle* v. *Commissioner*, 302 U. S. 573, it was held that the tax imposed by the foreign country must be a tax on income as that term is used and understood in our own taxing statutes. There the Supreme Court said:

> Section 131 does not say that the meaning of its words is to be determined by foreign taxing statutes and decisions, and there is nothing in its language to suggest that, in allowing the credit for foreign tax payments, a shifting standard was adopted by reference to foreign characterizations and classifications of tax legislation. The phrase "income taxes paid," as used in our own revenue laws, has for most practical purposes a well-understood meaning to be derived from an examination of the statutes which provide for the laying and collection of income taxes. It is that meaning which must be attributed to it as used in section 131.

In *Keasbey & Mattison Co.* v. *Rothensies*, 133 Fed. (2d) 894; certiorari denied, 320 U. S. 739, the Circuit Court of Appeals for the Third Circuit had before it the question of whether or not a tax paid to the Province of Quebec was an income tax within the meaning of section 131 (a) (1), in which the same phraseology is used as in subsection (a) (3). There the court stated that it was conceded that in the application of the statute the criteria prescribed by our revenue laws are determinative of the meaning of the term "income taxes" as used therein. The court then said:

> It necessarily follows that a tax paid a foreign country is not an income tax within the meaning of Section 131 (a) (1) of the Act unless it conforms in its substantive elements to the criteria established under our revenue laws. These commonly accepted criteria, although not defined in the statute, may be easily ascertained. It is clear from a reading of the Act, as well as the revenue acts which preceded it, and the cases interpretive of its provisions, that an income tax is a direct tax upon income as therein defined. [Cases cited.] The defined concept of income has been uniformly restricted to a gain realized or a profit derived from capital, labor, or both. Section 22 (a) of the Internal Revenue Act of 1936. [Cases cited.] It seems logical to conclude that any tax, if it is to qualify as a tax on income within the meaning of Section 131 (a) (1), is

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this chapter shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

\* \* \* \* \* \* \*

(3) ALIEN RESIDENT OF UNITED STATES.—In the case of an alien resident of the United States, the amount of any such taxes paid or accrued during the taxable year to any foreign country, if the foreign country of which such alien resident is a citizen or subject, in imposing such taxes, allows a similar credit to citizens of the United States residing in such country \* \* \*

subject to the same basic restrictions. The Supreme Court, without advancing any precise definition of the term "income tax", has unmistakably determined that taxes imposed on subjects other than income, e. g., franchises, privileges, etc., are not income taxes, although measured on the basis of income. [Cases cited.] These criteria are determinative of the nature of the tax in question.

Thereupon the court denied the credit sought. See *St. Paul Fire & Marine Insurance Co.* v. *Reynolds*, 44 Fed. Supp. 863.

In the case at bar the tax paid by the petitioner on the $20,000, although called an "income tax" in the Dominion of Canada, was not such a tax in the United States. The petitioner has not brought herself within the statutory provision on which she relies and the strict construction thereof. Consequently, no credit here may be allowed to her under the provisions of section 131 (a) (3). *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *United States* v. *Stewart*, 311 U. S. 60; *United States Trust Co. of New York* v. *Helvering*, 307 U. S. 57.

It is almost superfluous for us to add that section 131 was enacted to prevent the double taxation of the same income in a foreign country and in the United States. *Hubbard* v. *United States*, 17 Fed. Supp. 93; certiorari denied, 300 U. S. 666. In the very nature of the facts before us, there is no double taxation. The contrary appears. There was only a single taxation on the item in controversy, and that was imposed by the Dominion of Canada. If the petitioner should prevail and credit be allowed, she would escape the full taxation to which she is subject in this country upon that portion of her income which is taxable in both countries. Certainly that result is not contemplated by the statute.

Furthermore, we think that the statutory phrase, "if the foreign country of which such alien resident is a citizen or subject, in imposing such taxes, allows a similar credit to citizens of the United States residing in such country," (sec. 131 (a) (3)) is deserving of comment. The stipulated facts do not recite that the Dominion of Canada allows a similar credit to citizens of the United States residing within her borders. However disastrous that omission may be to the petitioner's cause, it is logical to conclude that no such credit is allowed by the Dominion of Canada because it could not be asked to allow, nor could it allow, a credit for taxes on a legacy, a type of accretion nontaxable in the United States. The allowance of credit under section 131 (a) (3) is conditioned upon such reciprocal allowance by the foreign country. Until that condition is fulfilled the section can not become operative.[2]

---

[2] Sec. 8. [Income War Tax Act of the Dominion of Canada.] A taxpayer shall be entitled to deduct from the tax that would otherwise be payable by him under this Act

\* \* \* \* \* \* \*

(b) *Income tax paid in any foreign country.*—the amount paid to any foreign country for income tax in respect to the income of the taxpayer derived from sources therein, if such foreign country in imposing such tax allows a similar credit to persons in receipt of income derived from sources within Canada.

[See also T. D. 5206, art. XV.]

The petitioner relies solely on *I. B. Dexter*, 47 B. T. A. 285. That case, however, is readily distinguishable from the case at bar in two major respects: (1) The income there in controversy was derived from the same source, i. e., the sale of capital assets, taxable in both jurisdictions but on different bases; whereas here the receipt of the $20,000 legacy was not taxable at all in the United States; and (2), the problem was posed upon the applicability of section 131 (b) and its solution was reached by limiting the credit strictly in accordance with the directions of subsection (b).

We may observe also that the credit allowances afforded to a citizen of the United States and an alien resident of the United States are not identical, in view of the condition imposed in subsection (a) (3). The petitioners in the *Dexter* case were citizens of the United States. Here the petitioner is a resident alien and must conform strictly to the requirements of the statute whose benefit she seeks to secure. *Keasbey & Mattison Co.* v. *Rothensies, supra.*

The respondent's determination is sustained.

*Decision will be entered for the respondent.*