James H. Brace v. Commissioner.
James H. Brace v. Commissioner
Docket No. 34310.
United States Tax Court
1952 Tax Ct. Memo LEXIS 101; 11 T.C.M. (CCH) 906; T.C.M. (RIA) 52265; August 27, 1952
William P. Smith, Esq., Metropolitan Bank Bldg., Washington, D.C., for the petitioner. Charles M. Greenspan, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined deficiencies in income tax for 1946, 1947, and 1948 in the respective amounts of $8,948.22, $10,012.18, and $2,243.61, all of which are in controversy, except a part of the 1947 deficiency. The returns for the years involved were filed with the collector for the second district of New York. [The Facts] All of the facts have been stipulated and we hereby find them accordingly. In brief, they and the question presented *102 are stated by respondent as follows: "Petitioner is a citizen of the United States and a resident of Canada. For the years 1946, 1947, and 1948 he claimed foreign tax credits under section 131 of the Internal Revenue Code which credits included taxes paid to Canada on earned income from sources within that country, which income was exempt from Federal income tax under section 116 (a) of the Internal Revenue Code. The respondent takes the position that the purpose of the foreign tax credit is to alleviate the hardship of double taxation of the same income, and section 131 of the Internal Revenue Code does not contemplate the credit against United States taxes of foreign taxes attributable to income which is exempt from domestic taxation. The petitioner contests the respondent's disallowance of the proportionate amount of Canadian taxes allocable to the Canadian income which is exempt from United States taxation." [Opinion] Respondent's attempt to revive an extinct question must, it seems to us, produce nothing but futility. While he makes an effort to distinguish I. B. Dexter, 47 B.T.A. 285, he *103 apparently concedes that Helvering v. Nell (C.A. 4), 139 Fed. (2d) 865, affirming a Tax Court memorandum opinion, is indistinguishable from the present case, for he says in his brief: "* * * The Dexter case was decided adversely to the respondent, as was the case of Edward J. Nell (November 6, 1942) Memo. Op. Docket 107448, aff'd (C.C.A. 4th 1944) 139 Fed. (2d) 865, which did involve a situation similar to that presented herein, but in which the Tax Court relied on the Dexter case in its decision. * * *" [Italics added] What may possibly have been doubtful originally has in fact now become certain. The Dexter case was decided in 1942. In it we said (p. 289): "The wording of subsection (b) (1) is clear, unambiguous, and plain. Whether or not the result reached here is one which the Congress envisioned in drafting the statutory provision which it enacted, there is but one choice, namely, to decide the question under the statute as written." In the ten years which have intervened, the Congress has had innumerable opportunities to correct any error of interpretation if one was made by the Dexter and Nell cases. Needless to say, no such action has occurred. *104 In fact, during the last of the tax years here involved, respondent himself published his approval of the principle established in those cases and acquiesced in the Dexter case. G.C.M. 25723, 1948-2 C.B. 131. And it was not until the following year that, in reliance upon another case decided three years before, respondent again reversed his position and in G.C.M. 26062, 1949-2 C.B. 110, reverted to the previously repudiated doctrine of Hubbard v. United States (Ct. Cls., 1936), 17 Fed. Supp. 93, certiorari denied, 300 U.S. 666. The case upon which G.C.M. 26062 purportedly proceeds is L. Helena Wilson, 7 T.C. 1469. That case, while it considered the same section, did not purport to discuss the question posed here and in the Dexter and Nell cases. The statute permits credit for "income, warprofits and excess-profits taxes paid * * * to any foreign country * * *." The Wilson case was concerned with whether an inheritance or succession tax, although treated as an income tax in Canada, the foreign country involved, would conform to the statutory language. Having, of course, concluded that it did not comply with *105 the literal wording, the opinion proceeded to add that there was no double taxation in the Wilson case, an explicit purpose for the legislation. But it distinguished the Dexter case as it suffices here to distinguish Wilson, by saying in part "* * * its [Dexter's] solution was reached by limiting the credit strictly in accordance with the directions of subsection (b)." George W. P. Heffelfinger, 5 T.C. 985, also referred to by respondent, did not have to do with the same section, and relied upon and effectuated a portion of the respondent's regulations which are not directed to the present situation. And although Mary A. Marsman, 18 T.C. No. 1 (April 3, 1952), decided after this case was heard, is not cited by respondent, we note it briefly. There, in addition to section 131, the provisions of section 216 were necessarily brought into play. Referring to the Dexter and Nell cases we said: "* * * those cases are not this case. There the taxpayers at all times pertinent were citizens * * * of the United States." Here, too, petitioner was at all pertinent times a citizen of the United States. We see no good purpose in questioning such long standing *106 precedents as the Dexter and Nell cases. On their authority, petitioner's position must be sustained. Decision will be entered under Rule 50.