**MISSOURI–ILLINOIS RAILROAD COMPANY**

v.

**The UNITED STATES.**

No. 29–64.

United States Court of Claims.

July 20, 1967.

Gerald J. O'Rourke, Jr., Washington, D. C., attorney of record, for plaintiff.

E. Alan Moorhouse, Washington, D. C., with whom was Asst. Atty. Gen. Mitchell Rogovin, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner William E. Day with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on February 28, 1967. On March 30, 1967, defendant filed a notice of intent to except which defendant withdrew on June 13, 1967. On June 14, 1967, plaintiff filed a motion requesting that the court adopt the commissioner's findings of fact, opinion and recommended conclusion of law. Since the court agrees with the commissioner's findings, opinion and recommended conclusion of law, as hereinafter set forth, it hereby grants plaintiff's motion of June 14, 1967, and adopts the commissioner's findings, opinion and recommended conclusion of law as the basis for its judgment in this case without oral argument. Plaintiff is, therefore, entitled to recover and judgment is entered for plaintiff in the sum of $2,219.03 together with interest as provided by law.

### OPINION OF COMMISSIONER*

DAY, Commissioner:

This is a suit by the plaintiff for the recovery of income taxes paid to the defendant for the 1957 taxable year. The pretrial conference memorandum shows

---

* The opinion, findings of fact, and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

that the parties agreed: that in 1957, the cars [1] of plaintiff railroad were transported to the Mexican border, at which point the cars were delivered to Mexican railroads; that the Mexican railroads paid rental to the plaintiff for the period during which the cars were in Mexico; that the rental payments (freight car rentals) were subject to a tax imposed by the Republic of Mexico, and that this tax was accrued against the plaintiff in 1957 and was paid in that year into the Mexican fisc.

The sole issue remaining for determination is whether the tax referred to above, imposed by the Republic of Mexico is an income tax, excess profits tax, war profits tax, or a tax in lieu thereof, so as to entitle the plaintiff to a foreign tax credit against its United States income tax liability. During the briefing, defendant conceded facts relating to the only other issue in the case, i. e., the possible application of the limitation provisions of section 904 of the Internal Revenue Code of 1954, so this issue is no longer a matter in controversy.

The plaintiff is a common carrier by rail, and operates in interstate commerce within the United States. It filed its federal income tax return for 1957 and timely paid the tax shown thereon to be due (amounting to slightly in excess of a total of 1.1 million dollars).

On the tax return for 1957, the plaintiff claimed the sum of $4,955.18 as a tax credit (under section 901 of the 1954 Internal Revenue Code, as amended) against its 1957 federal income tax liability. The Commissioner of Internal Revenue, upon audit of the plaintiff's federal income tax return for 1957, disallowed the payments into the Mexican fisc as a credit against the federal income tax otherwise due from the plaintiff for 1957, and instead, allowed this Mexican tax payment (in the amount of $4,622.98) [2] as a deduction from gross income, in arriving at the plaintiff's taxable income for 1957.

The plaintiff timely filed its claim for refund of this difference. The claim for refund was rejected by the Commissioner and this suit is timely filed.

When freight cars belonging to one railroad are used by another railroad, a daily rental is charged by the owner to the user. This is called the per diem rate. A special per diem rate applied to the rental by Mexican railroads of freight cars while in Mexico, owned by United States railroads. Prior to January 1, 1954, the Mexican railroad using a freight car in Mexico, owned by United States or Canadian railroads, paid to such owner the Mexican per diem rate minus a percentage (usually ten percent) which it was required to withhold under the Mexican income tax law. The amount so withheld was turned over by the Mexican railroad to the treasury of Mexico, with the owner of the car receiving proper credit for such amount withheld. At the end of the year, the Mexican firm of attorneys for the United States owner of freight cars, filed a Mexican income tax return on behalf of such owner. The amount of tax on such return was computed under a graduated income tax scale.

On December 31, 1953, a new Mexican income tax law was published which became effective the next day (January 1, 1954).

The full text of the decree is not in evidence. Plaintiff's exhibit 13 is a notarial certificate of a duly certified notary public in Mexico City, in the Spanish language, containing those provisions of such law regarded by the plaintiff as pertinent to the issues here to be determined. (Exhibit 14 is a copy of an English translation thereof.) Apparently, the defendant has considered that all pertinent provisions are included, because no other exhibit as to the language of the Mexican income tax law was offered by that party.

Article 1 provides that income tax is payable on the revenue derived from

---

1. Freight cars.

2. Although the amount of $4,955.18 was accrued in its account, the actual tax paid Mexico was $4,622.98.

capital, work, or the combinations of both. Under Article 2, income is to be considered as all kinds of proceeds, profits, gains, rentals, interest * * * and in a general way all amounts received in cash, securities in kind or in credits which increase the possessions of a taxpayer. It is further stated that the taxable income is determined in each schedule. Under Schedule 1, Commerce, those who carry out acts of commerce are obligated to pay the tax. The basis (Article 26th) of the tax in this schedule is the difference between the income received by the taxpayer during a period and the deductions authorized by law. Article 28th under Schedule 1, Commerce, provides:

ARTICLE 28TH.—When because of the nature and the characteristics of the operations carried out by the taxpayers it is not possible, by ordinary procedures, to determine with exactness the taxable income, the Department of the Treasury may enter into agreements for the determination of the tax base.

Pursuant to the above-quoted provision, an agreement was entered into between the tax authorities of the Mexican Government, certain Mexican railways and the United States and Canadian railroad companies which regularly delivered freight cars to the Mexican border for carriage in Mexico by Mexican railroads. A full translation of the agreement is contained in finding 19. The substance of the agreement is: that the rental charges of the United States and Canadian firms sending their freight cars into Mexico were subject to the payment of income tax; that the payment of the tax by such United States and Canadian railroads was to be accomplished by withholding from the total accrued rentals the difference between the Mexican per diem car rental rate and the basic per diem car rental rate;[3] that the Mexican railroads were author-

ized and compelled to withhold the tax involved, were to pay the amounts withheld to the Mexican Government, and pay the accrued balance (the basic per diem rental) to the United States and Canadian railroads.

One small Mexican railroad, not a party to the tax agreement referred to above, also rented freight cars from the plaintiff. In the absence of any tax agreement otherwise providing for the withholding of and payment of the Mexican income tax, the tax on the income derived from the rental of such freight cars was ten percent of the gross rental. Since the full amount of the tax credit claimed for the rental of freight cars to this nonsignatory Mexican railroad is only $1.58[4] of the $4,622.98 claimed by the plaintiff as a tax credit on its 1957 United States tax return, this will be regarded as *de minimus* and will not be further considered.

For 1957, the plaintiff reported to the Mexican Government in its tax return filed March 24, 1958, per diem rentals from Mexican sources (identifying each source) totaling $15,295.45, of which $4,622.98 had been withheld by the various Mexican railroads so identified. The Mexican railroads, which were parties to the tax agreement referred to above, were required by the Mexican law to pay the amounts withheld by them to the Mexican treasury, and the amounts so withheld were so paid.

The defendant now contests the fact of payment, but having formally stipulated to such fact, defendant will not be heard to contest it, since a stipulation is tantamount to proof.

Much of the defendant's argument is devoted to the disposition by the Mexican Government of the proceeds of the tax which plaintiff paid. This does not appear to be helpful to a determination of the real question here—Is the tax imposed by Mexico on the rental of freight

---

3. Insofar as pertinent, this was the rental rate charged in the United States by United States railroads to other United States railroads.

4. This is reflected by plaintiff's exhibit 5, the plaintiff's information Mexican tax return for 1957.

cars an income tax, or a tax in lieu of an income tax?

 In the absence of the tax agreement discussed earlier, the plaintiff would have been required by the terms of the Mexican income tax law for the year in suit (1957) to pay an income tax on the taxable profit under Schedule 1, Commerce, arising from the rental of its freight cars while in Mexico. This taxable profit is measured by Article 26 of Schedule 1, as the difference between the income received during the period and the deductions authorized by law. We are told by evidence in the record (by way of the expert testimony of a qualified Mexican lawyer) that those deductions are generally similar to deductions permitted under the United States income tax law. While reporting difficulties might have arisen, it appears beyond question that had the plaintiff refused to sign the tax agreement which it did sign, plaintiff would have been required to pay an income tax to Mexico on profit it earned there in renting freight cars. Having paid an income tax there, plaintiff would have been entitled to deduct the amount paid in Mexico as a foreign income tax paid creditable against the amount due for United States income tax for the period involved. Because it was considered difficult to determine on the one hand, and verify on the other, the taxable net income of the railroads renting cars to Mexican railroads, the plaintiff and other railroads in the United States and Canada agreed in writing with the Government of Mexico and Mexican railroads to a substitute method of paying the tax due such Government from the plaintiff and other railroads on account of the rental of their freight cars while in Mexico to Mexican railroads. The plaintiff paid, pursuant to that agreement, the tax found to be due to the Government of Mexico on account of such car rental for the year 1957. It follows then, that such tax paid to Mexico was either an income tax or a tax in lieu of a tax upon income, and therefore, creditable under section 901 of the Internal Revenue Code of 1954.

The court has recently considered this issue in a series of cases involving Canadian premiums taxes paid by United States life insurance companies. See Prudential Insurance Company of America v. United States, 319 F.2d 161, 162 Ct.Cl. 55 (1963); Prudential Insurance Company of America v. United States, 337 F.2d 651, 167 Ct.Cl. 598 (1964) and Equitable Life Assurance Society of the United States v. United States, 366 F.2d 967, 177 Ct.Cl. 55 (1966). In all of the above cases, a similar result obtained.

The plaintiff is, therefore, entitled to deduct the full amount of tax paid to the Mexican Government on account of the rental (in 1957) of its freight cars in Mexico, as a credit against United States income tax otherwise payable for that year.