Edward TAYLOR, Plaintiff,

v.

Richard POEHLING, Assistant Circuit Attorney, City of St. Louis, Missouri, Defendant.

No. 77–826C(3).

United States District Court, E. D. Missouri, E. D.

Oct. 21, 1977.

Edward Taylor, pro se.

John F. Gillespie, Asst. Circuit Atty., St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The *pro se* complaint alleges that defendant, an Assistant Circuit Attorney for the City of Saint Louis, State of Missouri, deprived plaintiff of his constitutional rights by making coercive and threatening statements to plaintiff's wife. These statements are alleged to have been calculated to intimidate her into testifying

against plaintiff and coerce her to refrain from withdrawing the criminal complaint she had instituted against the plaintiff, thereby violating plaintiff's right to due process and equal protection under the laws. Defendant has moved to dismiss the complaint on grounds of prosecutorial immunity under the Act. The question of prosecutorial immunity under the Civil Rights Act was recently addressed by the Supreme Court in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In that case, petitioner alleged that the prosecutor had knowingly used perjured testimony in obtaining a conviction. The Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983". 424 U.S. at 431, 96 S.Ct. at 995. While recognizing that a rule of absolute prosecutorial immunity would "leave the genuinely wronged defendant without civil redress" against the malicious or dishonest actions of ·a prosecutor, "the broader public interest", the public's need for vigorous and fearless performance of the prosecutorial function, would be better served by absolute immunity. See also *Bauers v. Heisel,* 361 F.2d 581 (3d Cir. 1966), *cert. denied,* 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); *Wilhelm v. Turner,* 431 F.2d 177 (8th Cir. 1970).

This case falls squarely within the rule of *Imbler v. Pachtman, supra,* unless the acts committed were clearly outside the scope of defendant's jurisdiction. *Bauers v. Heisel, supra,* at 590. The Court's attention, then, turns to the acts complained of to determine if they fall within the immunity granted by the office.

A generous reading of plaintiff's *pro se* pleading suggests that plaintiff presses a deprivation of his Fourteenth Amendment rights because the statements of the prosecutor tended to be coercive and pressured plaintiff's wife into testifying against him. There are no facts, however, alleged in support of this conclusion and the pleading itself directly contradicts the allegation as the wife has "stated in open court to the state Judge . . . that she did not desire to be a State's witness against him".

Further, Missouri recognizes that a wife may be a competent witness against her husband in a prosecution for acts constituting a crime of personal violence against her child. *State v. Kollenborn,* 304 S.W.2d 855 (Mo.Banc 1957). There can be no doubt that the· role of the prosecutor and the scope of his jurisdiction encompasses the mustering of proper witnesses against a defendant.

Plaintiff further alleges that defendant restrained plaintiff's wife from withdrawing the criminal complaint she instituted against the plaintiff. Plaintiff contends that such action violates his right to be free from the unlawful usage of State Law and its processes to secure his criminal conviction in violation of the due process and equal protection clauses. In Missouri, however, the prosecuting witness or complainant who has signed a complaint charging a felony does not have power to withdraw the complaint since it is the' exclusive prerogative of the prosecution to nolle prosequi. See Rule 21.08, Missouri Rules of Criminal Procedure.

Accordingly, an order dismissing the complaint shall be issued.