SPENCER J. SHANLEY, PLAINTIFF, v.
VERONICA C. NUZZO, DEFENDANT.

Juvenile and Domestic Relations Court
Bergen County

April 25, 1978.

*Messrs. DeMarco and Lore,* attorneys for plaintiff (*Mr. Mark S. Shane,* of counsel).

*Mr. Gilbert I. Wasserman,* attorney for defendant.

MINUSKIN, J. J. D. R. C. ■ This case raises the novel question of whether the Juvenile and Domestic Relations Court has statutory jurisdiction to hear and dispose of matters of nonsupport wherein the husband has custody of the children and seeks support for his children from his former wife. In pertinent part *N. J. S. A.* 2A:4–18 states:

The juvenile & domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints:

\* \* \* \* \* \* \* \*

(b) Involving matters of support or temporary custody of children as to which jurisdiction is vested in superior court.

\* \* \* \* \* \* \* \*

(e) Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family.

(f) Involving the domestic relation, where a husband or father forces his wife or child to leave the home because of his cruel and inhuman conduct, in which case the court may provide by appropriate order for their support and maintenance.

We are concerned with the scope of concurrent jurisdiction of this court within the bounds of these statutory limitations. As a statutory tribunal, the court has no inherent power or authority, nor may jurisdiction be conferred by consent. Its powers and jurisdiction are conferred by Legislature and are strictly limited to the subject matter set forth by statute. *Compton v. Compton,* 109 *N. J. Super.* 5, 8 (App. Div. 1970); *Linder v. Linder,* 126 *N. J. Super.* 466 (App. Div. 1974).

This jurisdictional issue arises in the following factual context. The parties involved were married and resided in New York. They obtained a divorce in New York on April 23, 1971, wherein custody of the two minor children was awarded wife, and the husband was ordered to pay for their support. Subsequently, on an informal basis, the wife surrendered custody of the two children to her former

husband. Both parties have since remarried and are now living in New Jersey. Plaintiff husband now brings this action in the Juvenile and Domestic Relations Court pursuant to *N. J. S. A.* 2A:4–18 seeking support from his former wife for his two children. At the hearing on March 7, 1978 counsel for defendant asserted that the Juvenile and Domestic Relations Court is without jurisdiction to determine the non-support matter herein.

Counsel for defendant relies on *N. J. S. A.* 2A:4–18(e) and (f) in his effort to defeat this court's jurisdiction. Defendant asserts that as the court's jurisdiction in matters of nonsupport is strictly limited, the provisions refer specifically to support by the husband, and nowhere in the statute is there a provision for this court to compel a mother to pay for the support of her children; that the Juvenile and Domestic Relations Court is without jurisdiction and the complaint should be dismissed.

Counsel for plaintiff contends that this court has the same authority as the Superior Court to order support, including ordering support from the former wife, and authority is granted by *N. J. S. A.* 2A:4–18(b). He further contends that a narrow interpretation of the statute which would deny the husband the right of redress before this court would violate both *N. J. Const.* (1947), Art. I, par. 5, and the *United States Constitution,* Amend. XIV, by discriminating against the husband due to his status.

There is much merit to plaintiff's charge of unconstitutionality. The statute which was applicable to the traditional lifestyle when promulgated may no longer reflect the family structure in contemporary times. It is quite likely that a woman may be the chief provider for her family. A statute providing for support and which differentiates on the basis of sex may very well be unconstitutional. However, as a general premise, to declare a statute unconstitutional is a judicial power to be delicately exercised, particularly at the trial level. *Kohler v. Barnes,* 123 *N. J. Super.* 69 (Law Div. 1973). In fact, it is well established that it is better

practice for an inferior court, such as the Juvenile and Domestic Relations Court, to presume that an act is constitutional until it has been passed upon by the appellate court, excepting where there is no reasonable doubt that the statute is clearly in contravention of constitutional entitlements. *Three L Corp. v. Newark Bd. of Adj.,* 118 *N. J. Super.* 453 (Law Div. 1972). This exception does not apply to the statute under consideration. In such situations, if a case can be decided on either of two grounds, one involving a constitutional question and the other a question of statutory construction, it is wiser for the court to base its decision on the latter ground. *Value Oil Co. v. Irvington,* 152 *N. J. Super.* 354 (Law Div. 1977); *Bauers v. Heisel,* 361 *F.* 2d 581 (3 Cir. 1966), *cert.* den. 386 *U. S.* 1021, 87 *S. Ct.* 1367, 18 *L. Ed.* 2d 457 (1966). This option is available to the court, and the constitutional question need not be reached.

The statutory provisions on which defendant relies, *N. J. S. A.* 2A:4–18 (e) & (f), and which plaintiff attacks as unconstitutional, specifically refer to the situation in which a husband deserts a wife or forces her to leave him. In the instant case there has been no desertion by the husband and the parties are long since divorced. The divorce notwithstanding, the Juvenile and Domestic Relations Court still has jurisdiction to order support for the children. *Curley v. Curley,* 37 *N. J. Super.* 351, 356 (App. Div. 1955); *Linder v. Linder, supra* 126 *N. J.* at 47.

Thus, subsections (e) & (f) are inapplicable to the facts at bar and irrelevant to the issue before us. Instead, this court will base its decision on subsection (b) of the statute in question.

Subsection (b), which grants Juvenile and Domestic Relations Court concurrent jurisdiction with the Superior Court in matters of support, has rarely, if ever, been interpreted by the courts of this State. Whether it encompasses the power to order a mother to pay child support to her

former husband when their children are in his custody, is a novel question.

Although our jurisdiction is concurrent with that of the Superior Court, it is limited to the financial aspects of the marriage only. *Russell v. Russell,* 99 *N. J. Super.* 423 (App. Div. 1967). Within these limits jurisdiction is liberally construed to accomplish the purposes of the governing statute. *Wilson v. Wilson,* 86 *N. J. Super.* 61 (App. Div. 1964) ; *Ricci v. Ricci,* 96 *N. J. Super.* 214 (JDRC 1967).

The statute's purpose is to effectuate the public policy of this State to insure the maintenance and well being of the children of the dissolving marriage and avert the need for their public maintenance. *Compton v. Compton,* 109 *N. J. Super.* 5 (App. Div. 1970). In the past it was the common-law duty of a husband to provide suitable support for his family. *Theil v. Theil,* 41 *N. J.* 446, 449 (1964) ; *Wilson v. Wilson, supra.* Traditionally, the husband was the sole provider for his family. However, the changing values and lifestyles in contemporary society are rapidly eroding the traditional family roles. It is now likely that the woman may be the breadwinner for her family. In the Superior Court, case law has evolved to reflect societal changes. Recent statute and case law has shifted the burden of support from the husband alone to both parents equally. The duty of parents to support their minor children was described by Blackstone as a "principle of natural law." *Grotsky v. Grotsky,* 58 *N. J.* 354 (1971). Under the principle of natural law, both the father and the mother are obligated to provide for their children. *Parivash v. Yousef,* 89 *N. J. Super.* 133 (Ch. Div. 1965).

Most recently, in the case of *Ionno v. Ionno,* 148 *N. J. Super.* 259 (App. Div. 1977), the court, while overturning the decision of the Chancery Division below which ordered the wife to pay weekly support for her children who were in the custody of her former husband, recognized the following:

Although we recognize that parents *equally* share a duty to support their children except when circumstances cast a greater burden on

one or the other . . . the obligation of support springs from the parental relationship and is affected only by the needs of the children and the means of the parent to fulfill the obligation.

It is well established that pursuant to the statute in question this court may today base an award for support on the same obligations as are recognized by the Chancery Division of the Superior Court. *Wilson v. Wilson, supra; Bonanno v. Bonanno,* 4 *N. J.* 268, 273 (1950). Recent case law has reflected the Superior Court's recognition that the parents share *equally* a duty of support. It is logical that an award of support should be based on monetary needs and ability to pay, and not an arbitrary measure such as the sex of the parties. The Juvenile and Domestic Relations Court has concurrent jurisdiction with the Superior Court under subsection (b) of the statute and should make its determination in accordance with the standards that govern the award of support in Superior Court. To do otherwise would be unjust to those parties seeking their remedy in this forum. This court concludes that the Juvenile and Domestic Relations Court has jurisdiction to order the wife to pay support for children in the custody of their father if the circumstances so warrant, pursuant to *N. J. S. A.* 2A:4-18 (b).

Defendant's motion to dismiss the complaint is denied and a further hearing is ordered to determine whether support should be ordered under the circumstances presented in the case at bar.