586 A.2d 339

ELIZABETH CIUPAK, PLAINTIFF–RESPONDENT, v. MARIUSZ
JASINSKI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 16, 1991—Decided February 8, 1991.

Before Judges GAULKIN, SHEBELL and HAVEY.

*Robert C. Rivas* argued the cause for appellant (Bergen County Legal Services, attorney).

*Lawrence B. Diener* argued the cause for respondent.

The opinion of the court was delivered by

GAULKIN, P.J.A.D.

Plaintiff brought this action under the New Jersey Parentage Act (*N.J.S.A.* 9:17–38 *et seq.*) to declare defendant the natural father of her child and to require him to pay child support and the "costs of pregnancy and childbirth." Defendant acknowledged his paternity; he was ordered to pay child support of $36 per week and to reimburse plaintiff for her "lying in/birthing costs" of $3976. Defendant appeals only from the award of the costs. We reverse.

■■ The authority of the court to order the natural father to pay the expenses of the pregnancy and birth is unquestioned. *N.J.S.A.* 9:17–53c provides in relevant part:

The judgment or order may direct the father to pay the reasonable expenses of the mother's pregnancy and postpartum disability, including repayment to an agency which provided public assistance funds for those expenses.

In his opinion letter, the trial judge found the meaning of that language to be "clear":

[T]o wit, it is the father's obligation to pay the pregnancy and post-partum expenses of a woman whom he makes pregnant and who delivers his child.

That reading of the statutory language is patently wrong. The statute provides that a judgment or order "may" direct the father to pay the expenses. Assessment of those expenses to the father is permissive; the legislature did not mandate that "it is the father's obligation to pay." Nor is there any justification in today's society to impose the full obligation on the father solely because he is the male participant. *Cf. Shanley v. Nuzzo*, 160 *N.J.Super.* 436, 441, 390 *A.*2d 158 (J. & D.R.Ct. 1978).

■ In reaching his conclusion, the trial judge relied on the fact that the legislature directed that a parent's support obligation shall be determined by the court upon a consideration of "all relevant facts", including nine specific factors set forth in the statute. *N.J.S.A.* 9:17–53e. Since that section applies only to "the amount to be paid ... for support of the child", the judge reasoned, such criteria are inapplicable in fixing a fa-

ther's liability for pregnancy and birth expenses. But a legislative failure to specify the governing criteria does not mean that the court's exercise of discretion is uncontrolled. Moreover, we are satisfied that the criteria set forth in *N.J.S.A.* 9:17–53e for the allocation of support obligations between mother and father are applicable as well to the allocation of the pregnancy and birth expenses: the legislative intent can fairly be drawn from the provisions made for similar obligations in the very same statute. *Cf. Mimkon v. Ford*, 66 *N.J.* 426, 332 *A.*2d 199 (1975). *See also N.J.S.A.* 2A:34–23a (setting forth similar factors for alimony and child support awards in divorce actions).

We thus conclude that, in allocating pregnancy and birth costs between father and mother,[1] the trial court shall consider "all relevant facts" including, but not limited to, the applicable financial factors set forth in *N.J.S.A.* 9:17–53e.

The September 7, 1989 order is accordingly reversed. The matter is remanded to the trial court for proceedings to determine the proper allocation of the pregnancy and birth costs as between plaintiff and defendant. We note that counsel for defendant acknowledged at oral argument that the hospital and doctors' bills were reasonable in amount. However, the propriety of including plaintiff's medical insurance premiums as pregnancy or birth expenses and the extent to which the expenses were covered by insurance appear to be in dispute. Those matters shall be resolved as well on the remand.

Reversed and remanded for proceedings consistent with this opinion.

---

[1] A father's obligation to third-party providers of the pregnancy and birth services or to any public or private agency providing those services may well extend beyond his obligation to the mother. *Cf. Leonard v. Werger*, 21 *N.J.* 539, 541, 122 *A.*2d 777 (1956); *Borawick v. Barba*, 7 *N.J.* 393, 395, 81 *A.*2d 766 (1951).